## Moyerman, Agent, v. Koons et al.

*Albert Blumberg* and *R. Winfield Baile*, for appellant.

*Edwin E. Lippincott, 2nd*, for appellees.

*C. William Kraft, Jr.*, for intervening property owners.

SWENEY, J., February 15, 1952.—We have before us for determination two petitions with rules to show cause: One praying that the School District of the Borough of Clifton Heights should be substituted as

plaintiff or appellant in this action, and the other praying that the appeal should be quashed on the ground that it is moot.

On March 26, 1951, the building inspector of Clifton Heights disapproved a plan for the erection of stores upon appellant's land, because the "land is not zoned for commercial use". On March 28, 1951, appellant appealed this decision to the zoning board of adjustment. After hearing, the zoning board, on April 17, 1951, refused a variance, because of its opinion that "the present classification should remain, as it does not impose any hardship on the owner and the other property owners in the vicinity are opposed to any change."

On April 27, 1951, an appeal was allowed by this court (Toal, J.) and the zoning board was cited to make return by June 9, 1951. The return of the board was duly made and filed, and the matter came for hearing before Sweney, J. Although testimony was taken on the merits at this hearing on June 13, 1951, two questions were preliminarily raised by property owners, who had been permitted to intervene by order of this court (Ervin, P. J.) on June 13, 1951: The first question was whether the board of adjustment has jurisdiction to grant a variance, when the proposed change is actually a change of zoning; the second question was whether a request for special exception and a variance in the same petition renders the petition invalid.

After argument before the court en banc, an opinion was lodged on November 1, 1951, dismissing both motions. On November 8, 1951, a petition of the intervening property owners was filed setting forth that on November 5, 1951, the School District of the Borough of Clifton Heights had condemned appellant's land for school purposes and prayed that the appeal

should be quashed on the ground that the matter was moot. Appellant filed her answer and, on November 16, 1951, an order was entered by the court (Sweney, J.) dismissing the petition.

On November 30, 1951, a rule was allowed by the court (Toal, J.) upon petition of the School District of Clifton Heights Borough, to show cause why the school district should not be permitted to intervene as a party defendant. On December 7, 1951, an order was filed by the court (Sweney, J.) granting leave to the school district to intervene.

On December 12, 1951, a rule was allowed by the court (Sweney, J.) upon petition of the school district, to show cause why the school district should not be permitted to intervene as a party plaintiff. On the same date, a rule was allowed by the court (Sweney, J.) upon petition of the school district, to show cause why this appeal should not be quashed on the ground that it is moot. These two rules, returnable December 21, 1951, have been argued before the court en banc and are now before us for decision.

On the first question of the right to intervene, it would appear that such intervention is unnecessary, if the purpose is for the right to be heard and to appeal, if required. If the purpose of intervention is to take the place of appellant Moyerman and, thereby, to exclude appellant from further rights in this action, we cannot permit the intervention. It is true that there has been a condemnation by the school board of appellant's land, but no settlement has been made for the taking and, consequently, Mrs. Moyerman is still rightfully a proper party: Heidisch v. Globe and Republic Insurance Company of America, 368 Pa. 602. Also, this is an appeal from the decision of a zoning board. As a rule, the case is listed as an appeal and not, as in the present case, with appellant named as plain-

tiff and the zoning board named as defendant. We see no harm in so naming the case, but the important thing about intervention is that proper persons may be heard, may except to the rulings of the court and may appeal.

The second question is whether this condemnation by the school district is such a taking as to render the appeal moot. The school district is contending that appellant is not entitled to a variance now that the land in question has been condemned by the school district for school purposes; appellant contends that the value of her land is greater, if zoned for commercial use, than under the present zoning and that the zoning board abused its discretion in not granting the variance.

Of course, where a question raised by an appeal becomes moot while the appeal is pending, the appeal will be dismissed: Richards v. Johns, 338 Pa. 232. This general rule has been applied to a variety of circumstances. Among these are cases where, pending the appeal, the controversy was ended by act of law or lapse of time, or an event occurred which rendered it impossible for the appellate court to grant any relief: 9 Standard Pa. Practice 240-41.

Appellant cannot now be interested in building stores on her land, since the land has been condemned for school purposes. Consequently, the only reason for the continuance of this litigation would be to have the zoning classification changed, so that, in the proceedings before the jury of view, evidence of the highest and best use of the land condemned may be introduced to fix values.

In determining the highest and best use to which land may be put, the jury of view must value the land in accordance with existing zoning ordinances. If the land to be valued is in a residential zone, the jury of

view may not consider a value based upon commercial use.

In the case before us, Moyerman applied to the building inspector for permission to build stores on the Springfield Avenue property. No specification accompanied the plan. It is apparent that the application was made to the building inspector knowing that he would refuse the application and realizing that, under Lukens v. Ridley Township Zoning Board of Adjustment, 367 Pa. 608, an appeal had to be taken to the board of adjustment to give the board jurisdiction to pass upon the question of a variance. We must assume, in the absence of testimony to the contrary, that this application was made to test the validity of the Clifton Heights Zoning Ordinance and for no ulterior motive.

The evidence discloses that the building inspector did refuse the application, not on the ground that the plan was not accompanied by specifications, but on the ground that stores could not be built upon the Moyerman land, which was zoned "residential". When the matter appeared before the board of adjustment, a variance was refused because there was no showing of unnecessary hardship, and the case was brought before this court upon the ground that the board had abused its discretion.

We now come to the crux of this case. When the case came before the court for hearing, oral motions were made by counsel for intervening property owners questioning the right of the board of adjustment to pass upon the change requested, since it was a change in zoning and not a case where a variance could be had and because, in the appeal to the board, appellant had requested both a special exception and a variance. The trial judge held these preliminary questions under advisement and took testimony on the merits. The

legal points were argued before the court en banc and an opinion was written and lodged which passed only upon the legal question. This opinion could have decided the case upon the merits, since we held that the board did have jurisdiction and the application for both a special exception and a variance did not invalidate the appeal. But we did not decide the case upon the merits, believing that counsel desired to present further briefs on the merits of the situation. If a full opinion had been written and lodged at that time, the condemnation on November 5, 1951, would have been subject to the decision of the court.

Justice in this matter dictates that we should decide this case upon the merits. We feel that the board of adjustment in this matter abused its discretion—that the board should have granted the variance.

The zoning plan before us discloses that Baltimore Pike, in the Borough of Clifton Heights, on both sides of the street and both east and west of Springfield Road is zoned commercial; and that Springfield Road, which bisects Baltimore Pike, on both sides from the Pennsylvania Railroad on the south to Borough Line on the north, is zoned commercial, except both sides of the street between Church Street and Oak Lane (about 700 feet) which includes appellant's property. The pictures in evidence and the testimony of witnesses disclose that a Warner-West development known as "Westbrook Park" has been built up to the rear of appellant's property; that there are residences still along Springfield Road, with a new row of houses on the south side of Springfield Road across from appellant's property, but that there are stores on the south side of Springfield Road from Oak Avenue to Borough Line, that there are houses and stores on the north side of Springfield Road from Oak Avenue to Borough Line and that there are various stores and busi-

nesses on Springfield Road from Church Road to Baltimore Pike.

In Taylor v. Haverford Township, 299 Pa. 402, 414, the court said:

"As a general rule, in zoning territory of the kind now before us, the lines should be fixed in such a way as to avoid making one side of a main artery of travel purely residential where the opposite side of the street is already so uniformly used for business purposes as to have established its character in that regard . . .; for so to do will almost inevitably lead to such unreasonable destruction of values as to be confiscatory."

In the case at bar, it is an unreasonable regulation to designate an entire street on both sides from one end of the borough to the other as commercial with the exception of one block. We feel that in refusing a variance here, the board abused its discretion.

### AMENDED DECREE

And now, February 19, 1952, it having been called to the attention of the court that an error has been made in the decree dated February 15, 1952, it is ordered and decreed:

1. That the decree herein entered as of February 15, 1952, be, and it is hereby, set aside.

2. The rule granted to the School District of the Borough of Clifton Heights to show cause why the school district should not be permitted to intervene as a party plaintiff be, and the same is hereby, dismissed.

3. The rule granted to the School District of the Borough of Clifton Heights to show cause why the appeal herein entered should not be dismissed on the ground that it is moot be, and the same is hereby, dismissed.

4. The appeal of Samuel Moyerman, agent for Anna D. Moyerman be, and it is hereby, sustained as it

affects the front of the Moyerman property to the depth of 125 feet.

5. The Zoning Board of Adjustment of the Borough of Clifton Heights shall grant to Anna D. Moyerman a variance which will classify the land of Anna D. Moyerman on Springfield Road, in the Borough of Clifton Heights, to a depth of 125 feet as "Commercial".

6. Each party shall pay his own costs.