## Penny v. Board of Supervisors of Warrington Township

Argued before Satterthwaite, P. J., Garb and Ludwig, JJ.

*William R. Cooper*, for plaintiffs.

*Stephen B. Harris*, for defendants.

SATTERTHWAITE, P. J., September 3, 1971.—Appellants in these two separate proceedings seek judicial review of both the procedural propriety of the enactment, as well as the substantive merits and validity, of a resolution of the Warrington Township Supervisors passed on December 22, 1970, whereby a comprehensive plan was adopted for the township under article III of the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. ——— (No. 247), 53 PS §10101, et seq. No. 442 purports to be an appeal directly to this court from the adoption of the resolution; no. 1847 is an appeal from the decision of the zoning hearing board which ruled, pro forma, at the hearing held before it on March 31, 1971, that it had no jurisdiction to hear the appeal taken by the appellants to that body from the adoption of the

resolution. In addition, appellants in the two within actions are also the complainants in a third proceeding filed in the criminal division of this court (formerly the court of quarter sessions) to no. 1336 (misc.), 1970 sessions, challenging the legality of this same resolution under section 702, cl. XLI, of the Second Class Township Code, as amended, 53 PS §65741. The court has this day filed a separate opinion and order disposing of preliminary objections in the latter action, the net effect of which is to permit that proceeding to go forward but limited solely to alleged infirmities in the process of the actual enactment of the resolution.

The court need not at this time make any determination between the instant actions nos. 442 and 1847. The question of whether a challenge to the validity or substantive merits of a *zoning ordinance* under the Pennsylvania Municipalities Planning Code may be made only through proceedings before the zoning hearing board preliminarily under section 910, 53 PS §10910 (as appellants purported to do here in no. 1847), and not directly to the court from the actual enactment (as was attempted in no. 442), is a matter not without difficulty and need not be decided in either of the within actions. No *zoning* problem is raised. The only matter sought to be litigated in either of these appeals is the validity and propriety of the enacted resolution adopting the *comprehensive plan.* We hold that this purpose, standing alone and of itself, cannot be accomplished in either form of action; the question simply is non-justiciable.

By way of contrast to the provisions of section 702, cl. XLI, of the Second Class Township Code, as amended, 53 PS §65741, which authorizes judicial review of a complaint against the procedural

legality of any ordinance *or resolution,* the Municipalities Planning Code makes no provision whatsoever for judicial review (1) of any *resolution* (as contrasted with an ordinance or map), or (2) of any enactment (whether by ordinance, resolution or otherwise) pertaining to a comprehensive plan. Article V of the code sets up the enabling and administrative procedures for the regulation of subdivisions and land developments; section 512, 53 PS § 10512, provides for appeals to the court from local decisions in the exercise of this power. Article VI revises and reiterates the zoning functions of municipalities, and section 615, 53 PS § 10615, authorizes appeals from decisions of the zoning officer. Article VII relates to planned residential development regulations and standards; section 712, 53 PS § 10712, provides for appeals to the court from decisions either granting or denying approval of such plans. Article VIII relates to challenges by a landowner of provisions of *ordinances* pertaining to *zoning, subdivisions* or the *official map; resolutions* and matters of the *comprehensive plan* are not included. Articles IX and X are concerned generally with appeals only in *zoning* matters, to the board and to the court respectively; section 911 extends the board's jurisdiction, at least to a limited degree, to proceedings challenging the validity of subdivision or planned residential development ordinances only.

Article III, however, which sets forth the provisions of the code pertaining to *comprehensive plans,* contains no appeal section or authorization for judicial review whatsoever. And we believe that this omission was deliberate and not mere oversight. As noted by the Commonwealth Court in Morelli v. Borough of St. Marys, 1 Comm. Ct. 612, 617 (1971):

"The comprehensive plan does not have the legal

effect of a zoning ordinance, which actually regulates the land use as may be recommended by the comprehensive plan. The planning commission may recommend all kinds of desirable approaches to land utilization and development. Not all of these may become eventually legally enforceable in a zoning ordinance. In other words, a comprehensive plan is abstract and recommendatory; whereas the zoning ordinance is specific and regulatory."

It is inherent in the recommendatory nature of the comprehensive planning concept that it neither can nor does have any specific or litigable impact such as to provide any practical or realistic occasion for judicial intervention. The formulation and adoption of a comprehensive plan are but intermediate and inconclusive steps in the planning process, and in themselves are legally ineffective. No one's rights, pro or con, are affected thereby unless and until the recommendations thereof be implemented.

Moreover, appellants would propose that this court consider the merits of the comprehensive plan as an academic or purely hypothetical proposition without application in a particular context or to the rights of a specific litigant. As such, this court's refusal, in effect, to render an advisory opinion is required by the considerations which formed the real point of decision in Roeder v. Hatfield Borough Council, 439 Pa. 241 (1970). There, after recognizing that only infirmities in the actual enactment process of the amendment to the zoning ordinance could be reached in a (former quarter sessions) proceeding under the provisions of the Borough Code corresponding to section 702, cl. XLI, of the Second Class Township Code, supra, and that, therefore, the lower court had erred in holding that substantive questions of spot zoning could be reached only by such statutory complaint proceedings and not by resort to the zoning hearing board forum, the Supreme Court

nevertheless held that appellant's objection to allegedly improper or spot-zoning treatment of another's land by the mere enactment of the amendatory ordinance was premature and could not be heard in the absence of some actual application of the new ordinance, as by the issuance of a permit thereunder. The court noted, 439 Pa., at page 248:

"On many occasions, this Court has stated that questions as to the validity or constitutionality of an enactment will not be decided in vacuo but only after it has been actually applied to a litigant. . . . This principle is applicable regardless whether the premature attack is by an action in equity or through the administrative framework, and it does not matter whether an individual is protesting a restriction on his use of his land or the permission given another to use the other's land in a particular way. In §801 of the MPC the legislature has modified this rule somewhat as to a landowner who is restricted in the use of his land, but the Act in no way affects the rules governing an attack by an individual on an ordinance which grants permission to a landowner to use his land in a certain way."

If the validity of a final and effective zoning ordinance may not properly be the subject of judicial review in the abstract or in the absence of a particular factual matrix (except as section 801 may relax the rule), how much less occasion for an advisory opinion is presented where it is sought to review one of the intermediate and interlocutory steps in the evolution of that zoning ordinance by appealing from the mere planning suggestions of the comprehensive plan.

## ORDER
### (January term, 1971, no. 442)

And now, September 3, 1971, defendant's preliminary objection numbered 7 is hereby sustained and the within appeal proceedings are hereby dis-

missed as premature and presenting no presently justiciable question.

## ORDER
### (March term, 1971, no. 1847)

And now, September 3, 1971, defendant's preliminary objection numbered 4 is hereby sustained and the within appeal proceedings are hereby dismissed as premature and presenting no presently justiciable question.