Albert P. Saenger and Jan G. Saenger, Charles E. Deibert, William Weller, James Fox and Kenneth Miller, Appellants, v. Planning Commission of Berks County and Donald J. Neilson and Mary Louise Neilson, Appellees.

Argued June 5, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Leon Ehrlich,* for appellants.

*Raymond K. Hess,* with him *Bingaman, Hess, Coblentz & Bell,* for appellees.

OPINION BY JUDGE MENCER, July 27, 1973:

The Planning Commission of Berks County (Commission) granted subdivision plan approval for a mobile home development in the Township of Longswamp (Township). The Township filed an appeal from the Commission's action to the Court of Common Pleas of Berks County, and the owners and developers of the property in question were permitted to intervene. The lower court also permitted the intervention of certain residents of the Township who opposed the Commission's grant of approval.

During the course of the proceedings before the lower court, the Township withdrew its objections, but the intervening residents continued the appeal, contending that the approval of the subdivision plan is unlawful since it is contrary to the comprehensive plan[1] adopted by Berks County (County). Following hear-

---

[1] The comprehensive plan designated the area in question as one of the low density and forest preserve.

ings, the appeal was dismissed and the intervening residents filed exceptions. Thereafter, argument was heard thereon before the lower court en banc and the exceptions were overruled and the appeal dismissed. This appeal followed and we affirm.

The property owners acquired the land by deed dated January 15, 1970 and recorded the same date. The Commission gave its approval to the development on May 13, 1970. The County's comprehensive plan was adopted July 17, 1969 under the provisions of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, 53 P.S. §10101 et seq. Land subdivision regulations were adopted by the County in March 1960 and were last amended in June 1968. On May 13, 1970, the County had no zoning ordinance and the Township had no comprehensive plan or zoning ordinance.

The only issue here is whether approval of the subdivision plan by the Commission is unlawful solely because it is in conflict with the County's comprehensive plan.

We hold that our reasoning in *Morelli v. Borough of St. Marys*, 1 Pa. Commonwealth Ct. 612, 275 A. 2d 889 (1971), controls the instant case. In *Morelli* we stated the following: "A comprehensive plan is provided for in Article III of the 1968 Planning Code, *infra* (53 P.S. §10301 through §10306). It is an overall plan or guide to land utilization and to meeting the needs and desires of the community. As Section 301 provides, it must contain certain basic elements, statutorily described in general terms, and in addition may contain many other elements, such as studies, treatises, newspaper articles, and any other item the planning commission believes adds flavor to its objectives. This overall plan or any amendment thereto is given a governmental imprimatur of approval by the passing of a resolution by a majority of the 'governing body.'

The comprehensive plan does not have the legal effect of a zoning ordinance, which actually regulates the land use as may be recommended by the comprehensive plan. The planning commission may recommend all kinds of desirable approaches to land utilization and development. Not all of these may become eventually legally enforceable in a zoning ordinance. In other words, a comprehensive plan is abstract and recommendatory; whereas the zoning ordinance is specific and regulatory." 1 Pa. Commonwealth Ct. at 616-17, 275 A. 2d at 891-92 (footnote omitted).

Here we must keep in mind that the County and the Township had no zoning ordinances when the Commission granted approval to the subdivision plan. We agree with the lower court's apt analogy of the situation when it stated that "[a] plan without an ordinance to follow through is like a bow without an arrow."

We cannot equate a comprehensive plan with a zoning ordinance, as they are indeed different. In *Penny v. Board of Supervisors of Warrington Township*, 53 Pa. D. & C. 2d 329, 332 (1971), President Judge SATTERTHWAITE logically wrote: "It is inherent in the recommendatory nature of the comprehensive planning concept that it neither can nor does have any specific or litigable impact such as to provide any practical or realistic occasion for judicial intervention. The formulation and adoption of a comprehensive plan are but intermediate and inconclusive steps in the planning process, and in themselves are legally ineffective. No one's rights, pro or con, are affected thereby unless and until the recommendations thereof be implemented."

We conclude that the Commission was under no legal requirement to adhere to the County's comprehensive plan. Therefore, the approval of the subdivision plan by the Commission was not unlawful.

Order affirmed.