Nicholas, Heim & Kissinger, Appellants *v.* The Township of Harris and the Zoning Hearing Board of the Township of Harris, Appellees.

358

Argued June 8, 1977, before President Judge Bow-
MAN and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Robert K. Kistler*, with him *Miller, Kistler, Camp-
bell, Mitinger & Beik*, for appellants.

*Charles J. Weyandt*, with him *Dunaway, Weyandt,
McCormick & Jones*, for appellee.

Opinion by Judge Rogers, July 29, 1977:

In *East Pikeland Township v. Bush Brothers, Inc.*,
13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974),
we held that a township zoning regulation which for-
bade the use of any land in the township for the es-
tablishment of a mobile home park was exclusionary
and unconstitutional. This holding followed the same
ruling earlier made with respect to apartment houses

in *Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970), and townhouse development in *Camp Hill Development Co., Inc. v. Borough of Dauphin,* 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974). In *Township of Willistown v. Chesterdale Farms, Inc.,* 462 Pa. 445, 341 A.2d 466 (1975), the Supreme Court held that a township may not avoid the invalidation of a zoning regulation as exclusionary by providing space for the residential use so small as to be clearly only a token. In *Waynesborough Corporation v. Easttown Township,* 23 Pa. Commonwealth Ct. 137, 350 A.2d 895 (1976), this Court, following *Willistown Township v. Chesterdale Farms, Inc., supra,* struck down a zoning regulation providing only a small allowance for apartment house use.

The instant case concerns mobile home parks. Before June 1976, Harris Township, Centre County, permitted mobile home park use in its large R-1 Rural Residence zoning district. In August 1973 the appellant partnership, Nicholas, Heim & Kissinger, entered into an agreement to purchase a tract in the R-1 district containing about 140 acres of land. Desiring to develop its land as a mobile home park, the appellant engaged an architect to do the planning. It gave slide presentations of its intended development to the Township Planning Commission and the Board of Supervisors in August and September of 1973. The supervisors told the appellant's representatives at the September meeting that mobile home park regulations were being considered. The appellant's representatives urged that such regulations be promptly adopted and offered their help in the preparation. The record would support a finding that the appellant partnership did not press the Township for subdivision or zoning approvals for its project while the supervisors were assertedly considering mobile home park regulations. In May 1974 members of the appellant part-

nership obtained an agenda of a supervisors' meeting which included for consideration the adoption of an amendment to the Township zoning ordinance which would totally eliminate mobile home parks as a permitted use in Harris Township. They protested this action, pointing out that the zoning amendment could not be adopted without public notice. The supervisors then advertised their intention to consider, and on June 26, 1974 enacted, an amendment to the zoning ordinance which forbade mobile home park use in the township except in a newly established R-MHP Mobile Home Park district. Since the zoning map was not then amended, no land was set apart for the R-MHP district until August 12, 1974, when the supervisors adopted a second amendment which created as the only R-MHP district a tract containing 10½ acres of land owned by a person who was then conducting a mobile home park on 4½ acres. Hence, the total land area in Harris Township on which mobile home parks were thereafter permitted and which had not previously been used for mobile home park purposes was about six acres.[1] There are 10,800 acres of privately owned land in Harris Township. The total new area provided for new mobile home park use was therefore less than 1/20th of 1% of the privately owned land in the township.

The appellant partnership challenged the validity of the ordinance, as amended, pursuant to Section 1004(1)(a) of the Pennsylvania Municipalities Plan-

---

[1] The only mobile home park in Harris Township, other than the 4½ acre tract just mentioned, was one consisting of 40 so-called pads on 25 acres. (In addition, two mobile homes exist side by side at another undisclosed location.) This mobile home park became a nonconforming use as a result of the 1974 amendments. Further, Section 602.1 of the zoning ordinance forbids expansion of a nonconforming use over new ground. *See Appeal of Carr*, 30 Pa. Commonwealth Ct. 342, 374 A.2d 735 (1977).

ning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004(1)(a). The zoning hearing board conducted evidentiary hearings and made extensive findings of fact. It made no decision on the merits, erroneously believing that it had no power to do so. Section 910 of the Pennsylvania Municipalities Planning Code, *as amended* by the Act of June 1, 1972, P.L. 333, 53 P.S. §10910. The appellant partnership filed a zoning appeal which was dismissed by the Court of Common Pleas of Centre County. We reverse.

The appellant partnership argues (1) that the ordinance, as amended, is exclusionary because the area provided for mobile home parks is only a token, and (2) that the zoning amendment is invalid because its sole purpose was that of forestalling the appellant's development, citing *Shapiro v. Zoning Board of Adjustment,* 377 Pa. 621, 105 A.2d 299 (1954) and *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 499, 275 A.2d 896 (1971). We need not decide the appellant's second question, which is well supported, because it is too clear for serious argument to the contrary that the provision for mobile home parks made in the July and August 1974 amendments to Harris Township's zoning ordinance was mere tokenism and invalid. We find in the record a letter from the Chairman of the Planning Commission to the Board of Supervisors written in late February 1974. The letter says that suggested amendments to the zoning ordinance, including one confining mobile home parks to a "newly defined R-MHP district" are enclosed. It recommends that no land for the R-MHP district should be set apart "at this time." The Board of Supervisors' provision of a total of ten acres, of which only six would be available for new mobile home park development, missed full acceptance of the Planning Commission's recommendation by very little indeed.

The only defense of the zoning regulation which requires mention is one based on the Township's membership in a regional planning effort. Harris Township contends that this membership, together with an approved regional comprehensive plan, entitles it to credit for more substantial provision for mobile home parks by the zoning ordinances of the other members of the regional planning group. As we have said on a number of occasions, a comprehensive plan does not have the legal effect of a zoning ordinance; the former is recommendatory and only the latter is regulatory. *Saenger v. Berks County,* 9 Pa. Commonwealth Ct. 499, 308 A.2d 175 (1973); *Morelli v. Borough of St. Marys,* 1 Pa. Commonwealth Ct. 612, 275 A.2d 889 (1971). Obviously, Harris Township has no control over the future zoning practices of other municipalities in the region. The exclusionary zoning decisions hereinabove referred to and cited suggest that it might be a very good thing for the General Assembly to empower municipalities to enter into binding regional zoning arrangements. Some municipalities, by reason of size, present land use and physical conditions, are no doubt inappropriate places for every kind of residential use. If the regional zoning ordinance should provide the regions' "fair share" of housing needs, each constituent municipality could then be developed in accordance with best planning principles applied purely and not with an eye to what might pass constitutional muster. However, there is now no such enabling legislation and regional comprehensive planning provides no justification for a municipality's exclusionary zoning practices.

## Order

And Now, this 29th day of July, 1977, it is ordered that the order of the court below appealed from be and it is hereby reversed; the record is remanded

with direction to the authorities of Harris Township to issue appropriate permits for the development proposed by the appellant, Nicholas, Heim & Kissinger, upon its compliance with all subdivision controls, building codes and other township regulations in existence at the time the appellant instituted its challenge to the validity of the Harris Township zoning ordinance, pursuant to Section 1004 of the Pennsylvania Municipalities Planning Code, 53 P.S. §11004.