John J. McIlhinney *v.* Zoning Hearing Board of Bensalem Township. Bensalem Township, Appellant.

Submitted on briefs December 16, 1982 to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Henry F. Huhn*, with him *Leslie G. Dias*, for appellant.

*Emil F. Toften, Emil F. Toften & Associates*, for appellee.

OPINION BY JUDGE DOYLE, February 17, 1983:

Bensalem Township appeals an order of the Court of Common Pleas of Bucks County which reversed a decision of the Zoning Hearing Board of Bensalem Township.[1] The Zoning Hearing Board upheld the action of the Township Board of Supervisors (Board) which rezoned the land of John J. McIlhinney from C-Commercial to R-A Rural.

After careful review of the record and consideration of the arguments advanced by counsel in the filed briefs, we find ourselves in agreement with the opinion of Judge WILLIAM HART RUFE, III for the court of common pleas. Judge RUFE's well-reasoned analysis proceeds as follows:

> Finally, [McIlhinney] challenges the ordinance on substantive grounds. [He] argues that the enactment of the ordinance changing the zoning of [McIlhinney's] property singled

---

[1] The decision was rendered on the consolidated appeals by McIlhinney which challenged the rezoning on procedural grounds (No. 77-3997-09-5), challenged the rezoning on substantive grounds (No. 78-144A-12-5), and challenged the Zoning Hearing Board's rejection of a development plan which McIlhinney had submitted (No. 77-6559-10-5). The court of common pleas affirmed the rejection of the development plan and dismissed the procedural challenge to the rezoning. McIlhinney has not appealed these adverse portions of the trial court's decision to this Court.

out [his] parcel for treatment unjustifiably differing from similar surrounding land and thus constituted spot zoning. Generally, a court must presume the validity of an ordinance and the burden of proving its invalidity rests upon the party challenging it. Cleaver v. Board of Adjustment, 414 Pa. 367, 200 A.2d 408 (1964). Furthermore, the challenging party must clearly establish that the ordinance is arbitrary and unreasonable with no relation to the public health, safety, morals and general welfare, and if the validity is debatable, the court will defer to legislative judgment. Schubach v. Silver, 461 Pa. 366, 336 A.2d 328 (1975).

To determine whether or not a Board of Supervisors is engaged in invalid "spot zoning," it must first be determined whether or not the rezoned tract is being treated differently from similar surrounding land and then whether or not such differential treatment, if found, is justifiable. Guentter v. Borough of Lansdale, Montgomery County, 21 Pa. Commonwealth Ct. 287, 345 A.2d 306 (1975). "Possibly the *most important factor* in an analysis of a spot zoning question is whether the rezoned land is being treated unjustifiably different from similar surrounding land." Schubach v. Silver, supra, at p. 336 (emphasis added). Further, we must consider the area's physical attributes, topography and size, the economic feasibility of a particular use, planning factors, and determine whether the rezoning is part of a plan which will produce nondiscriminatory zoning when fully implemented. Seeherman v. Wilkes-Barre City Zoning Hearing Board, 42 Pa. Commonwealth Ct. 175, 400 A.2d 1334 (1979).

In the instant matter, the record establishes that before the rezoning, [McIlhinney's] property, then zoned commercial, was located in an area that was primarily and almost exclusively commercial. Aerial photos show that the site in question is adjacent to the Woodhaven Interchange of I-95. Adjoining the property is a motor freight trucking terminal, commercial stores and other property zoned and used commercially. Also located in the general vicinity of the parcel are the Woodhaven Mall, the Liberty Bell Race Track and a restaurant. The only residential use in the area before the rezoning was a tract immediately opposite [McIlhinney's] property containing residential housing.

When the Board changed the zoning from C-Commercial to R-A, they changed the zoning to the most restricted form under the ordinance. Under the R-A zoning, appellants are permitted, among other uses, to erect single-family detached dwellings or any agricultural or farm use, except a piggery. The Board contends that such a change is necessary as commercial development on the tract would be detrimental to the adjacent uses and the public welfare. However, when we consider all the factors we are required to consider under the law, we fail to see how this rezoning serves any purpose other than to substantially interfere with the value of [McIlhinney's] property.

Considering the physical attributes of the property involved, including its close proximity to [the] I-95 Interchange, the Woodhaven Mall, and all the adjacent commercial uses including the Johnson Motor Freight Company, we fail to see how rezoning this property C-Commercial to R-A, a most restrictive zoning, fits into any

logical planning scheme or is justifiable as a reasonable use by any stretch of the imagination. Further, such a change would create a severe economic hardship for [McIlhinney]. The record establishes that the property in question, if used for commercial purposes, would be worth approximately $60,000.00 per acre or $560,000.00. However, with the change to R-A the property would be worth approximately $9,000.00 per acre or $85,000.00. The record also establishes that a development of saleable one-acre homes as required under the R-A zoning would require a price tag of $90,000.00 to $100,000.00 per home. Obviously, prospective home buyers would be reluctant to buy homes in this area with the surrounding commercial uses and noise from I-95, particularly in that price range.

Where a rezoning ordinance establishes property, formerly zoned commercial, "as a peninsula of residentially zoned land in a sea of commercial zoning (and uses)" it amounts to "classic spot zoning" and the ordinance is invalid. C.L. Associates v. Board of Supervisors of Montgomery Township, 51 Pa. Commonwealth Ct. 627, 415 A.2d 134 (1980). This is such a case. In the case of Schubach v. Silver, 461 Pa. 366, 336 A.2d 328 (1975), the court, in deciding a spot zoning question, considered the various factors previously mentioned. The court stated:

"Grouping together the fact that this land fronts on a commercial use, and is ill-suited, both economically and locationwise, for detached dwelling residential use, it is only realistic to say that this piece of land, by its very location, is usable only as a 'natural ex-

tension' of the already existing commercial use."
*Id.* at p. 337.

It is clear that the property here involved is best suited for a commercial use and that the rezoning of the property constituted illegal spot zoning with no legitimate or rational basis therefor.

*McIlhinney v. Zoning Hearing Board of Bensalem Township* (Nos. 77-3997-09-5, 77-6559-10-5, and 78-144A-12-5, filed February 24, 1982), slip op. at 5-11.

Accordingly, we affirm the order of the court of common pleas in so far as it sustains the appeal of John J. McIlhinney and reverses the decision of the Bensalem Township Zoning Hearing Bord.

ORDER

Now, February 17, 1983, that portion of the order of the Court of Common Pleas of Bucks County in the above referenced matter, dated February 24, 1982 which sustains the appeal of John J. McIlhinney in No. 78-144A-12-5 is hereby affirmed.

