**COUNTY OF ADAMS, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Middle Creek Bible Conference, Inc., Freedom Township, and Liberty Township, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 1996.

Decided Jan. 24, 1997.

---

Scott A. Gould, Harrisburg, for petitioner.

Gina Thomas, Assistant Counsel, Harrisburg, for respondent, DEP.

James J. Kutz, Harrisburg, for respondent, Middle Creek.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Adams County (County) petitions for review of an order of the Environmental Hearing Board (EHB) granting the motion for summary judgment of the Middle Creek Bible Conference (Middle Creek), denying the County's motion for summary judgment and dismissing the County's appeal.

Since the mid–1980's, Middle Creek has been involved in the development of a multipurpose conference and retreat center on a 469–acre tract of land in Liberty Township (Liberty) and in Freedom Township (Freedom) (collectively, townships) located in the County. The center is designed to serve a transient population of 1700 persons, with 1200 being provided overnight accommodations and another 500 participating in daytime activities. As proposed, the center will require the construction, operation and maintenance of a community sewage treatment facility, which is adequate to treat approximately 74,500 gallons of sewage flow per day.

In furtherance of the proposed construction, Middle Creek presented planning modules of the new development for approval by Liberty and Freedom requesting that the townships submit revisions of their sewage service plans to the Department of Environmental Protection (DEP), formerly the Department of Environmental Resources.[1]

DEP required submission of approved planning modules from both townships prior to its approval of the project. In November 1986, Liberty voted to approve Middle Creek's planning modules. On October 13, 1988, Freedom advised Middle Creek that because the request was incomplete it did not act on the proposal. Accordingly, DEP disapproved the planning modules upon submission.[2]

In July of 1990, Freedom revised its plan and approved Middle Creek's planning modules. Thereafter, Liberty again approved Middle Creek's planning modules and new planning module applications were submitted to DEP. By letter dated September 28, 1990, DEP returned the planning module applications because they did not comport with certain revisions to DEP's regulations, which had become effective on June 10, 1989. Middle Creek appealed.[3]

Middle Creek amended the planning modules and, in 1991, Liberty and Freedom approved the amended planning modules. DEP again found that the planning modules were incomplete. Middle Creek provided additional information to the townships and

---

1. Pursuant to the Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §§ 750.1—750.20a, each municipality in the Commonwealth must develop and submit to DEP, "[a]n officially adopted plan for sewage services for the areas within its jurisdiction ... and from time to time submit revisions to such plans as may be required...." 35 P.S. § 750.5(a).

2. DER's regulations provide that an application for revision of official sewage plans may be prepared by proponents of new land development projects, subject to approval by the municipality in which the project is located, for submission to DEP as part of the municipality's official plan. *See* 25 Pa.Code § 71.53.

3. This appeal was later consolidated with a subsequent appeal in 1992.

Liberty again approved the planning modules, as did Freedom. By letters dated January 29, 1992, DEP again disapproved the planning modules.

On February 29, 1992, consultants to Middle Creek again provided the townships and DEP with additional information regarding the planning modules. On April 7, 1992, Liberty held a public meeting at which time they rescinded prior approval. On April 9, 1992, Freedom also voted to disapprove. DEP acknowledged the townships' disapprovals.

Again Middle Creek appealed. On March 11, 1993, DEP filed a motion to dismiss for lack of jurisdiction. The EHB dismissed the 1992 appeal for lack of jurisdiction and denied the prior 1989 appeal as moot. Middle Creek appealed to this Court.

We reversed the dismissal orders and remanded the matter for consideration of the substantive issues raised in Middle Creek's appeals. Subsequently, the appeals were withdrawn without further proceeding because the parties reached a settlement whereby Freedom and Liberty approved Middle Creek's planning modules which were also approved by DEP.

On December 19, 1994, V.R. Patterson and Karen A. Patterson (the Pattersons) filed a timely appeal to the EHB contesting DEP's approval of the planning modules. The Pattersons alleged as follows:

1. The application was made on old forms with [DEP] approval.

2. The module does not comply with Pennsylvania Code Title 25, Chapter 71, Paragraph 71.53(H) dealing with Municipal Comprehensive Plans.

3. The first letter in the module under Modules and Related Data from [DEP] and dated May 13, 1986 page 2 paragraph 11 requires complete documentation of the method of sponsorship. This is missing from the module.

4. The 3rd page of this same [DEP] letter specifies the reasons why a socio-economic justification study is required. No such study was done.

5. [DEP] promised the citizens they would hold a public meeting in the local area in the evening before an approval was given. This was not done.

Notice of Appeal to the Environmental Hearing Board, December 20, 1994, at 1; Reproduced Record (R.R.) 51.

On February 23, 1995, the County petitioned to intervene in the Patterson's appeal. By opinion and order dated March 30, 1995, the EHB permitted the intervention, but expressly limited the County's appeal to the issues preserved by the Pattersons.

On August 16, 1995, Middle Creek filed a motion for summary judgement. The County responded by filing a cross-motion for summary judgment asserting that Middle Creek's sewage planning modules were not consistent with the County's comprehensive plan. The EHB found that the County's comprehensive plan was merely advisory and that DEP's approval of the planning modules met the applicable regulatory requirements. Accordingly, the EHB denied the County's cross-motion for summary judgment, granted Middle Creek's motion for summary judgment and dismissed the appeal.[4]

■ On appeal, the County essentially raises one issue.[5] The County contends that Middle Creek's planning modules should have been rejected by DEP because planning modules for new land development, such as the one proposed by Middle Creek, must be consistent with comprehensive plans adopted pursuant to the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §§ 10101—11201, as required under the Administration

---

4. Pursuant to Pa.R.C.P. 1035.2, a tribunal may grant a motion for summary judgment only when the pleadings, depositions, answers to interrogatories and admissions of record, if any, show that there is no genuine issue of material fact in dispute and the moving party is, therefore, entitled to judgment as a matter of law.

5. Our scope of review is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Adams Sanitation Company v. Department of Environmental Protection,* 683 A.2d 981 (Pa.Cmwlth.1996).

of Sewage Facilities Planning Program Regulations found at 25 Pa.Code §§ 71.1—71.76 (Chapter 71 Regulations).

██ It is a well-established principal that the EHB's interpretations of environmental regulations must be accorded great deference unless they are plainly erroneous or inconsistent. *Carlson Mining Company v. Department of Environmental Resources,* 163 Pa.Cmwlth. 141, 639 A.2d 1332 (1994). We find that the EHB's determination that the Chapter 71 Regulations do not require absolute consistency between county comprehensive plans and new sewage facility developments was not erroneous.

Pursuant to Section 53(h) of the Chapter 71 Regulations, 25 Pa.Code § 71.53(h), revisions to municipal sewage plans such as Middle Creek's planning modules are required to comply with municipal comprehensive plans:

> A municipality may not adopt a proposed revision to the official plan, conditionally or otherwise, until it determines that the proposal complies with applicable municipal zoning, land use or other municipal comprehensive plans. If changes to the proposed revision or the applicable plan, regulation or ordinance are necessary, the changes shall be completed prior to adoption of the revision by the municipality.

██ Pursuant to Section 2 of the Sewage Facilities Act, 35 P.S. § 750.2, a *municipality* is "a city, town, township, borough, or home rule municipality *other than a county.*" (Emphasis added). However, we do not believe that this exclusion of *county* from the Act's definition of *municipality* in the Sewage Facilities Act precludes any consideration of the County's comprehensive plan in determining the propriety of Middle Creek's planning modules.

██ It has long been held that county comprehensive plans do not have the legal effect of regulatory ordinances; they are merely advisory in nature. *Saenger v. Planning Commission of Berks County,* 9 Pa. Cmwlth. 499, 308 A.2d 175 (1973). Pursuant

to Section 301 of the MPC, 53 P.S. § 10301, a comprehensive plan sets forth certain basic and supplementary objectives for the development of a municipality. The concept of comprehensive planning does not provide any occasion for judicial intervention until the recommendations of a given comprehensive plan are enforceable as regulations. *Id.*

██ In the present matter, the EHB determined that the County's comprehensive plan was advisory with regard to DEP's approval of Middle Creek's planning modules. We agree. Complete compliance with the County's comprehensive plan is not mandatory.[6] The County's comprehensive plan did not supersede the municipal plans of the townships and DEP's approval of Middle Creek's planning modules was not a violation of the Chapter 71 Regulations.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 24th day of January, 1997, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.

██

---

**6.** It is worth noting that Sally A. Lohman, the Assistant Director of the County Planning Commission, informed the townships respectively that the "project ... does not conflict with the Adams County Comprehensive Plan." *See* Letters dated May 6, 1987; R.R. at 194a–195a.