Caesar J. Gorski and Saranne Gorski, his wife, Appellees, *v.* The Township of Skippack, Appellant.

Argued March 31, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*Alan E. Boroff,* with him *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellant.

*Frank W. Jenkins,* with him *Jenkins & Acton, P.C.* for appellee.

OPINION BY JUDGE KRAMER, May 29, 1975:

This is an appeal by Skippack Township (Township), a second class township in Montgomery County, from an order of the Court of Common Pleas of Montgomery County dated June 13, 1974, which sustained an appeal of Caesar J. Gorski and Saranne Gorski (Gorski) and

directed the Township to issue building permits subject to certain conditions. The order also dismissed a petition to remand, filed by the Township.

In 1973 Gorski owned 111 acres of land located in Skippack Township, all of which was zoned R-1 Residential. The Township's zoning ordinance at that time contained only two residential classifications or usages, i.e., R-1, which permitted only detached single-family dwellings on minimum-size lots of 60,000 square feet, and R-2, which permitted only detached single-family dwellings on minimum-size lots of 30,000 square feet. No other residential uses were permitted under the Township's ordinance. After consultation with architects and other experts in the field of land development, Gorski decided to develop his land for multi-family dwelling units. On June 26, 1973, Gorski filed an application with the Township under the provisions of sections 609.1 and 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10609.1 and 11004, in which he (1) challenged the validity of the Township's ordinance because it made no provision for apartment usage; (2) presented a curative amendment; and (3) submitted plans and specifications showing the intended usage. Initially, the curative amendment and the plans and specifications included three different types of apartment usages, *i.e.,* high-rise apartments (18.82 acres), high-density apartments (5 acres), and garden apartments (approximately 88 acres).

After negotiations with Township officials, and as a result of a report made by the Montgomery County Planning Commission, Gorski voluntarily withdrew those portions of the application dealing with the high-rise and high-density apartments. Thereafter a hearing was set for August 22, 1973, after proper advertising, the proofs for which were filed at the hearing. The hearing before the Board of Supervisors (Board) of the Township was concluded on that same date. The record discloses that the governing body was specifically informed that the

MPC (53 P.S. §11004 (3) and (4)) required some action by the Board within 30 days. The Township did nothing. After waiting more than 30 days, Gorski, on October 9, 1973, filed an appeal with the court below.

The court below did not receive any additional testimony or evidence, and, after argument, it filed an opinion and order in which it found generally the facts stated above. Based upon its finding that the Township ordinance made no provisions for apartment usages, the court concluded that under the holding of our Supreme Court in *Girsh Appeal*, 437 Pa. 237, 263 A. 2d 395 (1970), the zoning ordinance of the Township was exclusionary and inherently discriminatory and, therefore, unlawful. The court found "no relationship between the exclusionary zoning scheme of Skippack Township and any valid exercise of governmental police power," and declared the Township zoning ordinance to be unconstitutional. In its order, the lower court sustained the Gorski appeal and directed the Township's building inspector to issue building permits to Gorski "to construct apartments, upon appellants' filing of appropriate building plans, drawings, and specification in compliance with the Township Building Code."

It should be noted here that after the appeal had been filed by Gorski in the court below, the Township filed a petition to remand, based upon its allegation that after January 1, 1974, a new Board of Supervisors had been elected and that the new governing body was attempting to review its zoning ordinance so as to comply with the law. The lower court dismissed this petition. In this appeal, the Township again presents an argument that the matter should be remanded to permit the newly constituted governing body to correct the defects in its ordinance. Preliminarily, we will dispose of this issue by stating that the lower court correctly dismissed the petition to remand since there was no proposed ordinance pending at the time Gorski filed the application which initiated this action. *See Borough of Monroeville v. Effie's*

*Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 315 A. 2d 342 (1974) and *Colonial Park for Mobile Homes, Inc. v. Zoning Hearing Board,* 5 Pa. Commonwealth Ct. 594, 297 A. 2d 550 (1972) (KRAMER, J., concurring and dissenting).

Recently this Court had occasion to analyze and interpret the extensive amendments made to the MPC in 1972. For a complete understanding of the result of this case, the reader is referred to *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A. 2d 239 (1975), where we set forth this Court's interpretation of several controlling sections of the MPC.

The Township contends that the lower court's opinion and order are vague and uncertain and argues that sections 609.1 and 1004 of the MPC permit the courts of common pleas to usurp the Township's legislative functions, thereby rendering these sections unconstitutional.

In a case such as this, where the court below has made findings of fact and conclusions of law based upon the record presented to it under the provisions of article 10 of the MPC, our scope of review is to determine whether the court below abused its discretion or committed an error of law. *Robin Corporation v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A. 2d 841 (1975) and *Ellick, supra.* In *Ellick, supra,* we suggested that the courts of common pleas make specific findings of fact and conclusions of law in these very complicated cases. The opinion of the lower court in this case contains sufficient findings and conclusions to permit us to conclude that it did not abuse its discretion or commit an error of law insofar as the merits of this case are concerned. There can be no question that this Township's zoning ordinance made no provisions for apartment usage, and, as the Supreme Court said in *Girsh Appeal, supra:*

"At least for the purposes of this case, the failure to provide for apartments anywhere within the Town-

ship must be viewed as the legal equivalent of an explicit total prohibition of apartment houses in the zoning ordinance." 437 Pa. at 241, 263 A. 2d at 397. Under *Girsh,* the absence of any such permitted uses allows the court to conclude that the zoning ordinance is unconstitutional. *See Camp Hill Development Co., Inc. v. Zoning Board of Adjustment, Borough of Dauphin,* 13 Pa. Commonwealth Ct. 519, 319 A. 2d 197 (1974).

There is no merit to the other issues raised by the Township since under the provisions of article 10 of the MPC the court below merely determines the legality or constitutionality of the municipality's zoning ordinance and orders specific relief. If the lower court concludes that the zoning ordinance is unlawful or unconstitutional the court is given broad discretionary power to pass upon the plans and specifications submitted by the landowner with his challenge and curative amendment, and the court may order the municipality to issue a building permit. *Ellick, supra.* Under this scheme the court in no way usurps the legislative power of the municipality for, as we noted in *Ellick,* the court may not order any amendment to the zoning ordinance. On appeal to the court the curative amendment is no longer at issue. Whether the zoning ordinance should be amended, and, if so, to what extent, is left entirely to the governing body of the municipality. However, where the court has found the zoning ordinance to be unlawful or unconstitutional, the court has been given the power to determine whether and to what degree the plans and specifications submitted by the landowner may be utilized in the development of the landowner's property. *See Ellick, supra.*

The order of the lower court in the instant case, while not framed in the most explicit terms, does conform to the provisions of the MPC dealing with judicial relief. That order reads, in relevant part, as follows:

"The Building Inspector of Skippack Township is hereby directed to issue building permits to the appellants to construct apartments, upon appellants'

filing of appropriate building plans, drawings, and specifications in compliance with the Township Building Code."

In *Ellick* we noted that it is the court's duty to review the plans and specifications submitted by the landowner under section 1011 of the MPC, 53 P.S. §11011, and, within its discretion, to order such plans and specifications to be approved as to all of their elements or as to some of them. We further noted that the lower court may even refer some or all of the elements of the plan back to the governing body while the court, pursuant to the statute, retains jurisdiction. During this period the court may issue such supplementary orders as it deems necessary to protect the rights of the landowner.

Section 1011(2) of the MPC, 53 P.S. §11011(2), specifically provides that the court may "refer" elements of the proposed plan to the "governing body, agency or officer having jurisdiction thereof, for further proceedings." In effect, this is what was done in the instant case when the court ordered the issuance of the permit upon the submission of plans which conform to the Township Building Code.

We strongly recommend that, in cases such as these, courts of common pleas take care to provide the municipalities involved with concrete explanations of what is expected of them in a "remand" of this nature. The courts would also do well to note explicitly the continuing supervisory jurisdiction which the MPC requires that they assume. While we realize that the MPC places significant new burdens upon the courts of common pleas in such zoning appeals, section 1011 makes it clear that it is improper for the courts to simply refer cases back to the municipality without any direction. The supervisory responsibility of the courts is real and must be discharged. The action of the lower court in this case, while not a model approach by any means, is a permissible disposition, and we must, therefore, affirm the order.