Opinion by
Judge Kramer,
This is an appeal filed by Warminster Township (Township) from an order of the Court of Common Pleas of Bucks County, directing the amendment of the Township’s zoning ordinance and zoning map by the adoption of a proposed curative amendment which had been presented to the Township’s governing body by Robert P. Olson and Neshaminy Holding Corporation (hereinafter collectively referred to as Olson)[1].
In 1973 Olson was the owner of approximately 46 acres of land located in an area classified “Industrial” under the Township’s zoning ordinance. On October 19, 1973, Olson filed a challenge to the validity of the zoning ordinance alleging that it failed to provide for townhouse usage anywhere in the Township. The challenge included both a proposed curative amendment to the zon *519 ing ordinance and plans depicting a proposed development of 322 townhouses on Olson’s land. The challenge was filed pursuant to sections 609.1 and 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §§10609.1 and 11004. Hearings were set and duly advertised. Prior to the hearings Olson presented more refined plans and specifications as an amendment to the challenge. In any event, hearings were held on four different evenings before the governing body of the Township beginning January 21, 1974 and concluding March 11, 1974. On April 1, 1974 the Board of Supervisors of the Township orally rendered a decision denying Olson’s challenge and application for curative amendment, without making any findings of fact. Olson appealed to the court below, which did not receive any additional testimony or evidence. Based upon the record made before the governing body of the Township, and after argument, the court below, on July 16, 1974, rendered an opinion and order in which it made its own findings of fact and conclusions of law. The lower court found that the Township’s zoning ordinance made no provision for townhouse development anywhere in the municipality. The court found that the zoning ordinance did provide for garden apartments which were defined in the ordinance as follows:
“A dwelling having two (2) or more dwelling units, not having party walls forming a complete separation between individual dwelling units, and not having more than two bedrooms in each dwelling unit.”
The court concluded that the zoning ordinance’s description of garden apartments did not provide for townhouse development which the court found to be a legitimate and proper residential use in the Township. The court noted that the Bucks County Planning Commission’s report had recommended that the Township “seriously consider adopting an ordinance change” which would *520 permit townhouse development, and had stated that Olson’s property was suitable for residential usage. The court also noted, however, that the Planning Commission’s report had stated that Olson’s proposed curative amendment did not contain satisfactory standards. As noted above the Township failed to amend its zoning ordinance, and the matter was permitted to be finally determined by the court below.
In its appeal to this Court the Township contends (1) that the court below erred by holding that the Township’s zoning ordinance was unconstitutional and (2) that even if the court below did not so err, it did' err by ordering the adoption of Olson’s proposed curative amendment.
We commence our discussion with the recognition that in 1972 the General Assembly amended the MPC and provided in section 1004(1)(b), that substantive challenges to the validity of a zoning ordinance can be submitted directly to the governing body together with a request for a curative amendment. Unfortunately, however, Article X of the MPC, which sets forth the procedure involved in such challenges, is not entirely clear on its face, and, as a result, there has been a great deal of confusion in this area of the law. This Court has recently had the opportunity to consider some of the problems involved in challenges pursuant to section 1004(1)(b) of the MPC and, hopefully, our opinions will provide some guidance in this area. See Ellick v. Board of Supervisors of Worcester Township, 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975); Robin Corporation v. Board of Supervisors of Lower Paxton Township, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975); Hess v. Upper Oxford Totvnship, 17 Pa. Commonwealth Ct. 399, 332 A.2d 836 (1975)) Warren v. Ferrick, 17 Pa. Commonwealth Ct. 421, 333 A.2d 237 (1975) and Board of Commissioners of McCandless Township v. Beho Development Company, Inc., 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975).
*521 Our scope of review in this type of case is to determine whether the court below abused its discretion or committed an error of law. See Ellick, supra. Insofar as the findings of fact made by the court below are concerned, our review of this record leads us to conclude that they are supported by substantial evidence and, therefore, the court did not abuse its discretion.
The Township contends the lower court erred by holding that the zoning ordinance was unconstitutional because it made no provision for townhouses. We have reviewed the record in this case and it clearly shows that the Township’s zoning ordinance does not provide for townhouse usage anywhere in the Township. We have held in Camp Hill Development Co., Inc. v. Zoning Board of Adjustment, Borough of Dauphin, 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974), that townhouses are a legitimate and accepted form of development entitled to the same recognition which was accorded to apartments by our Supreme Court in Girsh Appeal, 437 Pa. 237, 253 A.2d 395 (1970). Since Olson succeeded in proving that the ordinance made no provision for townhouses, the burden was upon the Township to show what public health, welfare and safety interest the ban on townhouses was intended to protect. See Beaver Gasoline Company v. Osborne Borough, 445 Pa. 571, 285 A.2d 501 (1971). The Township failed to meet its burden and, therefore, the lower court correctly held that the subject ordinance was unconstitutional.
We fully recognize that there are so many architectural types or styles of residential housing that it would be difficult, if not impossible, for a municipality to cover every conceivable design in its zoning ordinance.[2] *522 It was argued in this case that this difficulty places an unreasonable burden upon the municipality and gives an unfair advantage to the challenging land developer in this type of case. We believe that the substantive challenge procedure provided for in section 1004 of the MPC makes it advisable for municipalities to examine their zoning ordinances very carefully, because an unconstitutional ordinance may lead to a successful challenge and result in a development which might be quite contrary to the intent of the municipality’s comprehensive plan. We do not believe, however, that it is necessary for a municipality to provide for every conceivable type or style of residential use in its zoning ordinance. If the landowner challenges a zoning ordinance because it does not provide for some exotic style, which is not a recognized and needed style or which may be deemed to be within another residential classification already provided for in the zoning ordinance, such a challenge would be defeated. But, as we review the law established in this Commonwealth, townhouses (which are nothing more than row houses in a more modern design) are a reasonable, legitimate and recognized residential usage and a municipality must provide for such usage unless the municipality is able to sustain the burden of proving that the failure to so provide is related to the public health, welfare and safety.
The Township contends that the lower court erred by ordering the adoption of the proposed curative amendment. We agree. In Ellick, supra, we pointed out that the courts were never intended to dictate legislative matters and that, therefore, a court may not order a curative *523 amendment to be adopted. If, in a case such as this, the lower court determines that the ordinance is unlawful or unconstitutional, then it is the court’s duty to review the plans and specifications, submitted with the challenge, to determine which elements thereof should be approved so as to permit the landowner to proceed with his proposed development, subject of course to all of the other reasonable zoning regulations applicable to the type of development involved. The curative amendment is merely a proposal or suggestion by the landowner which is intended to aid the governing body if it decides to amend the allegedly defective ordinance. We noted in Ellick, supra, that upon appeal to the court below the curative amendment is no longer viable. The court may not remand the matter to the governing body for further consideration of the curative amendment, and it may not order the municipality to amend its zoning ordinance, because the amendment of a zoning ordinance is purely a legislative matter, exclusively within the control of the governing body of the municipality.
In this case the court ordered the municipality to adopt the curative amendment and, under our holding in Ellick, supra, that was an error of law. Having correctly held that the ordinance was unconstitutional the lower court was required to review Olson’s proposed development rather than the proposed curative amendment. Therefore, we must remand this matter to the court below in order to permit it to pass upon the plans and specifications submitted with the challenge. In Ellick, supra, we pointed out that section 1011 of the MPC, 53 P.S. §11011, authorizes the court to order the proposed development or use approved entirely, or to order it approved in part and refer other elements back to the municipality. If the lower court decides to refer the proposed plan back to the municipality, then the municipality may not defeat the proposed use'by imposing unreasonable requirements or restrictions. In such a case, *524 the court below is required to retain jurisdiction during the pendency of further proceedings and, upon motion of the landowner, to issue such supplementary orders as it deems necessary to protect the rights of the landowner as declared in its opinion and order. As we perceive the legislative intent, once the court has concluded that the zoning ordinance unlawfully prohibits or restricts the landowner’s proposed development, then the landowner should be permitted to proceed with his proposed development, subject to those reasonable zoning regulations, restrictions and codes applicable to the class of usage proposed by the land developer.
In summary, we hold that the court below did not abuse its discretion in finding that the Township’s zoning ordinance failed to provide for townhouses anywhere within the Township, and by concluding that the failure to so provide in the instant case rendered the ordinance unconstitutional. We also hold that the court below committed an error of law by ordering the Township to adopt the curative amendment presented by the landowner. We therefore
Order
And Now this 6th day of June, 1975, based upon the above discussion, the order of the Court of Common Pleas of Bucks County, dated July 16, 1974, is hereby vacated, and it is ordered that this entire matter be remanded to the Court of Common Pleas of Bucks County for the purpose of reviewing the plans and specifications presented by Robert P. Olson and Neshaminy Holding Corporation pursuant to section 1Ó11 of the Pennsylvania Municipalities Planning Code, 53 P.S. §11011, in a manner not inconsistent with the above opinion.

. Olson is the equitable owner and Neshaminy Holding Corporation is the legal title holder of the land involved in this case.

. For example, the modular-home style exhibited in exotic forms of construction as was built and displayed in the “Habitat” located in Montreal, Canada would be very difficult to describe as a residential usage in a zoning ordinance. We recognize this as a problem. However, our Supreme Court, in residential usage cases, *522 has held that the issue to be decided is whether the zoning ordinance has been designed so as to disclose an intent to exclude people and prohibit their use of land for reasonable residential purposes. See Concord Township Appeal, 439 Pa. 466, 268 A.2d 765 (1970) and Girsh, supra. These are not easy cases, and the development of the law in this area will have to proceed on a case-by-case basis.