In Re: Application of John A. Friday, Jr., et ux. Requesting Fox Chapel Borough Zoning Hearing Board To Hear Applicants' Challenges to the Fox Chapel Zoning Ordinance and Map and Make Findings of Fact and Divisions Based Thereon. Borough of Fox Chapel, Appellant.

In Re: Application of John A. Friday, Jr., et ux. Requesting Fox Chapel Borough Zoning Hearing Board To Hear Applicants' Challenges to the Fox Chapel Zoning Ordinance and Map and Make Findings of Fact and Divisions Based Thereon. William A. Jones, Katherine P. Jones, Harold H. Hammer and Hannah R. Hammer, Appellants.

Argued November 2, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

*A. Bruce Bowden,* with him *Buchanan, Ingersoll, Rodewald, Kyle & Buerger* and *William A. Jones,* for appellants.

*William R. Grove,* with him *Hollinshead and Mendelson,* for appellee.

OPINION BY JUDGE ROGERS, January 9, 1978:

The Borough of Fox Chapel has appealed an order of the Court of Common Pleas of Allegheny County reversing a decision of the Zoning Hearing Board of the Borough of Fox Chapel dismissing a challenge by John A. Friday, Jr. to the validity of the Borough's Zoning Ordinance of 1971. William A. Jones and Katherine P. Jones, his wife, and Harold H. Hammer and Hannah R. Hammer, his wife, who intervened below on the side of the Borough have also appealed.

The Borough Zoning Ordinance does not provide for multi-family dwelling use anywhere in the Borough. The only permitted residential use of land is for single family homes on one, two or three acre lots. Friday owns a 22.85 acre tract located in a Class A Residential District where the minimum lot size is three acres. Pursuant to Section 1004(1)(a) of the Pennsylvania Municipalities Planning Code (MPC),[1] 53 P.S. §11004(1)(a), Friday submitted a challenge to the constitutional validity of the use provisions of the Zoning Ordinance to the Zoning Hearing Board. The submission included plans for a single six-story, 215 unit apartment building proposed to be constructed on Friday's land. Friday later filed an amended plan for eleven three-story buildings containing a total of 121 units. During evidentiary hearings conducted by the Zoning Hearing Board, Friday further modified his plan by finally proposing to construct one five-story building containing 181 units. The Zoning Hearing Board made extensive findings of facts; concluded that the Zoning Ordinance was valid; and dismissed Friday's challenge.

---

[1] Act of July 31, 1968, P.L. 805, *as amended.*

Without taking additional evidence, the court below reversed the Zoning Hearing Board's order and held that the Zoning Ordinance was exclusionary and therefore unconstitutional. The court directed the Borough to enact curative amendments providing for apartment use. Friday filed a petition in the court below requesting a modification of its order, citing *Casey v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 328 A.2d 464 (1974). The court below properly vacated its first order in part and entered a second directing the Borough to issue a building permit to Friday upon his compliance with valid building controls in effect on the date of Friday's original application for a building permit. We affirm.

The Borough first says that because ordinances enjoy a presumption of validity, Friday had the burden of proving that the Fox Chapel Ordinance was not related to public health, safety and welfare. With this we agree. The Borough then says that Friday did not carry this burden by simply showing that the ordinance totally excluded apartment use. This proposition is clearly erroneous. When it is demonstrated that an ordinance entirely excludes a facially legitimate use, the presumption of validity is rebutted; and the municipality must then present evidence to establish that its regulation bears a relationship to the public health, safety and welfare. *Beaver Gasoline Co. v. Osborne Borough*, 445 Pa. 571, 285 A.2d 501 (1971). Friday's proposed apartment house is a legitimate use of land, absent the Zoning Ordinance; the Zoning Ordinance's failure to provide for this use is tantamount to its exclusion. *Girsh Appeal*, 437 Pa. 237, 263 A.2d 395 (1970); *Dublin Properties v. Board of Commissioners of Upper Dublin Township*, 21 Pa. Commonwealth Ct. 54, 342 A.2d 821 (1975). Friday clearly met his burden of overcoming the presumption of the validity of the Fox Chapel ordinance.

The rule as to burdens enunciated in *Beaver Gasoline Co. v. Osborne Borough, supra,* has been applied in cases challenging the validity of zoning ordinances prohibiting business uses[2] and those prohibiting various kinds of residential uses.[3] In *Girsh Appeal, supra,* Mr. Justice ROBERTS, with the apparent approval of three other justices, declared that a prohibition of apartment use has more critical implications than a prohibition of an industrial or commercial use because the former restricts the right of people to live on land, and further that municipalities "cannot have . . . zoning scheme[s] that make no reasonable provision for apartment uses." 437 Pa. at 243, 263 A.2d at 398.

The Borough says that it carried its burden of justifying its exclusion of apartment use by showing that apartments would cause an increase in population which would in turn place a strain on municipal services, cause congestion of its roads and do harm to the aesthetic nature of the Borough. Similar justifications were specifically rejected in *Girsh Appeal, supra.*

The Borough next contends that its ordinance is not exclusionary because the Borough is not located within the path of onrushing population expansion and that there is no demand or need for apartment

---

[2] *Beaver Gasoline Co. v. Osborne Borough, supra* (prohibition of gasoline stations) ; *General Battery Corp. v. Zoning Hearing Board of Alsace Township,* 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977) (prohibition of waste disposal plants).

[3] *Waynesborough Corp. v. Easttown Township Zoning Hearing Board,* 23 Pa. Commonwealth Ct. 137, 350 A.2d 895 (1976) (prohibition of condominiums) ; *Appeal of Olson,* 19 Pa. Commonwealth Ct. 514, 338 A.2d 748 (1975) (prohibition of townhouses) ; *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975) (prohibition of townhouses) ; *Camp Hill Development Co., Inc. v. Zoning Board of Adjustment,* 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974) (prohibition of townhouses).

uses within its boundaries. This argument was reject-
ed in *Girsh Appeal, supra,* by the following phrases:

> The simple fact that someone is anxious to
> build apartments is strong indication that the
> location of this [municipality] is such that peo-
> ple are desirous of moving in, and we do not
> believe [the municipality] can close its doors
> to those people.

437 Pa. at 245, 263 A.2d at 399.

The Borough says that Friday's site cannot sup-
port apartments without endangering the public
health, safety and welfare because of soil conditions
unsuitable for the proper disposition of sewage and
subject to landslides. The Borough misapprehends
its burden of proof. The suitability of Friday's site
is not relevant to an inquiry into the constitutional
validity of a municipality-wide prohibition of apart-
ment uses. *See Girsh Appeal, supra* note 6, 437 Pa.
at 246, 263 A.2d at 399. Site suitability is an appro-
priate consideration going to the type of relief, if any,
that should be given to a landowner after he has suc-
cessfully challenged an ordinance. *See Ellick v. Board
of Supervisors of Worcester Township,* 17 Pa. Com-
monwealth Ct. 404, 333 A.2d 239 (1975).

The Borough next says that its membership in a
regional planning effort cures the otherwise exclu-
sionary and unconstitutional nature of its ordinance.
In *Nicholas Heim & Kissinger v. Township of Harris,*
31 Pa. Commonwealth Ct. 357, 362, 375 A.2d 1383,
1385 (1977), we addressed and rejected a similar ar-
gument made by a municipality in defense of a zoning
ordinance excluding mobile homes:

> The only defense of the zoning regulation
> which requires mention is one based on the
> Township's membership in a regional planning
> effort. Harris Township contends that this
> membership, together with an approved region-

al comprehensive plan, entitled it to credit for more substantial provision for mobile home parks by the zoning ordinances of the other members of the regional planning group. As we have said on a number of occasions, a comprehensive plan does not have the legal effect of a zoning ordinance; the former is recommendatory and only the latter is regulatory. Saenger v. Berks County, 9 Pa. Commonwealth Ct. 499, 308 A.2d 175 (1973); Morelli v. Borough of St. Marys, 1 Pa. Commonwealth Ct. 612, 275 A.2d 889 (1971). Obviously, Harris Township has no control over the future zoning practices of other municipalities in the region. The exclusionary zoning decisions hereinabove referred to and cited suggest that it might be a very good thing for the General Assembly to empower municipalities to enter into binding regional zoning arrangements. Some municipalities, by reason of size, present land use and physical conditions, are no doubt inappropriate places for every kind of residential use. If the regional zoning ordinance should provide the regions' 'fair share' of housing needs, each constituent municipality could then be developed in accordance with best planning principles applied purely and not with an eye to what might pass constitutional muster. However, there is now no such enabling legislation and regional comprehensive planning provides no justification for a municipality's exclusionary zoning practices.

Finally, we find no merit in the Borough's contention that the court below improperly usurped the Borough's legislative discretion by ordering that a building permit be issued to Friday. Section 1011 of the MPC, 53 P.S. §11011, authorizes courts to give just

such relief upon a successful challenge of a regulation. *Ellick v. Board of Supervisors of Worcester Township, supra.*[4]

Order affirmed.

ORDER

AND Now, this 9th day of January, 1978, the order of the Court of Common Pleas of Allegheny County made September 9, 1976 as modified by its order of January 11, 1977 is affirmed.

---

[4] The Borough and the intervenors have additionally argued that the Court's order is unconstitutional as violating the separation of powers doctrine and as depriving Fox Chapel residents of property without due process. These contentions are clearly without merit.