Board of Supervisors of Buckingham Township, Land Use Task Force, and Commonwealth of Pennsylvania, Department of Environmental Resources, Appellants *v.* Herbert and Irma Barness, his wife; Joseph A. and Norma J. Ciccone, his wife; John F., Jr. and Della E. Enders, his wife; and William J. Shedden, Jr.; Donald Greenberg, Benjamin Sedman, Herbert Burstein, Dr. Alvin Smith, Alvin Neinburg, Individuals t/a Fairway-Smith Associates; Claude J. Schlanger; and Robert H. Yaroschuk and Patricia Yaroschuk, his wife, Appellees.

Argued October 5, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS and BLATT.

*George M. Bush,* with him *Albert L. Blackman, Jr.,* and *Hartzel and Bush,* for Board of Supervisors of Buckingham Township.

*Thomas J. Oravetz,* Deputy Attorney General, with him *Keith Welks,* Assistant Attorney General, for Commonwealth.

*Richard P. McBride,* with him *Power, Bowen & Valimont,* for Barness, Ciccone, Greenberg, Sedman, Burstein, Smith, Neinburg, t/a Fairway-Smith Associates, and Yaroschuk.

*John A. VanLuvanee,* with him *William H. Eastburn, III,* and *Eastburn and Gray,* for Enders, Shedden and Schlanger.

*Olan B. Lowrey,* for The Land Use Task Force.

*Hershel J. Richman,* for amicus curiae, Bucks County and Bucks County Planning Commission.

*Fronefield Crawford, Jr.,* for amicus curiae, Philadelphia Chapter, American Institute of Planners.

OPINION BY JUDGE ROGERS, January 25, 1978:

The Court of Common Pleas of Bucks County sustained the zoning appeals of seven owners of seven tracts of land in Buckingham Township from the action of the township supervisors dismissing the landowners' challenges to the validity of the township zoning ordinance and refusing their requests for curative amendments.[1] The landowners challenged the validity of the zoning ordinance on the ground that it forbade any new residential development other than the construction of single-family dwelling houses on lots not

---

[1] Made pursuant to Section 1004(1)(b) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004(1)(b).

smaller, and in some districts considerably larger, than 10,000 square feet. This was indeed what the Buckingham Township zoning ordinance provided in the months of March, April and July 1974 when the landowners filed their challenges and requests for curative amendment; it was what the ordinance had provided from the time of its enactment in 1951; and it continued to be what the ordinance provided until March 6, 1975, almost a year after the first of these challenges was submitted to the supervisors. The zoning ordinance thus clearly prevented the construction of apartments and townhouses proposed by six of the landowners and of mobile home parks proposed by the seventh. The court below concluded that the ordinance was unconstitutionally exclusionary on the authority of *Girsh Appeal*, 437 Pa. 237, 263 A.2d 395 (1970), and *East Pikeland Township v. Bush Brothers, Inc.*, 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974), where ordinances which prohibited the use of land for, respectively, apartment houses and mobile home parks, were invalidated. We add to those cases *Camp Hill Development Company, Inc. v. Zoning Board of Adjustment of Dauphin*, 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974), in which we decided that an ordinance prohibiting townhouses was bad on the same grounds. The court below remanded the record to the board of supervisors for further proceedings,[2] retaining jurisdiction.

Appeals from the order below have been taken by the Township of Buckingham and two intervenors below, the Land Use Task Force, a local landowners group, and the Commonwealth's Department of En-

---

[2] We, as do the parties, understand this order to require the issuance of building permits upon compliance by the landowners with all administrative requirements of the township zoning ordinance and other pertinent township regulations in existence when the zoning challenges were filed with the township.

vironmental Resources.[3]  We have allowed the filing of briefs by amicus curiae Bucks County and its Planning Commission, and by Philadelphia Chapter, American Institute of Planners, both supporting the appellants. The cases have been consolidated here as they were below.

Unfortunately for the appellants, all of the law, some of it developed while these cases were being litigated below, is against them.  As noted, the township zoning ordinances excluded apartment, townhouse, and mobile home park use, all judicially declared to be legitimate residential uses in the cases hereinabove cited.  This showing by the landowners overcame the presumption of the zoning ordinance's validity and cast the burden on the township of presenting evidence that its prohibitions bore a substantial relationship to health, safety and the general welfare.  The appellants' efforts in this regard were not unusual to this class of case and differed only in immaterial detail from those ineffectively made as early as in *Girsh Appeal, supra,* and as late as in *In Re: Application of Friday,* 33 Pa. Commonwealth Ct. 256, 381 A.2d 504 (1978).  Neither the inconvenience to present inhabitants occasioned by increased use of existing public facilities, nor the expense to the public of creating new facilities, nor the certain change of the character of the community, singly or in combination, have ever been held to constitute threats to health, safety and the general welfare, justifying the outlawing of multi-family uses.  Indeed, the essence of *Girsh Ap-*

---

[3] A notice of the intervention of the Buckingham Township Planning Commission as of course was filed in the court below and the Planning Commission seems to have been treated as a party below. We point out that intervention as of course is permitted only to the municipality and the owner or tenant of land directly involved in the litigation. Section 1009 of the MPC, 53 P.S. §11009. The Planning Commission filed no appeal to this Court.

*peal, supra,* and the cases extending its holding to residential uses other than apartments is that the denial to newcomers of a comfortable place to live by refusing to provide for multi-housing uses, is constitutionally impermissible, despite the inevitable effect on the community of an expanding population. The expectation is that the deleterious effects of development can and should be avoided by prompt and effective use of the broad planning and zoning authority placed in the hands of municipalities.

Buckingham Township and the Department of Environmental Resources, however, inveigh against the lower court's grant of definitive relief to the appellants. They say that persons who have successfully challenged an exclusionary zoning ordinance should not have a right to proceed with the development they proposed when they made their zoning application. A first answer to this contention is that there would appear to be no purpose to the requirement of Section 1004(2)(c) of the MPC, 53 P.S. §11004(2)(c), that requests for curative amendments be accompanied by plans and materials describing the proposed use, if the only result of the proceedings was to be a judicial declaration concerning the validity or invalidity of the ordinance. A second and conclusive answer is that the Supreme Court has said in the clearest possible language that landowners successful in this kind of litigation must have relief.

Finally, we must determine whether a court has the power to grant an applicant-challenger definitive relief upon rendering a zoning ordinance constitutionally infirm. The appellee seeks a building permit for the erection of multi-family dwellings on his tract of land located in Warwick Township. This Court, pursuant to its disposition of the petition for enforcement of our order in Girsh Appeal has implicitly held

that courts in this Commonwealth have this power. 'Obviously, if judicial review of local zoning action is to result in anything more than a farce, the courts must be prepared to go beyond mere invalidation and grant definitive relief.' To forsake a challenger's reasonable development plans after all the time, effort and capital invested in such a challenge is grossly inequitable.

*Casey v. Zoning Hearing Board of Warwick Township,* 459 Pa. 219, 230, 328 A.2d 464, 469 (1974).

We do not see how this language could be clearer or how the rule could be otherwise. It is true that *Casey, supra,* was not begun by request for curative amendment pursuant to Section 1004. However, *Nicholas Heim & Kissinger v. Township of Harris,* 31 Pa. Commonwealth Ct. 357, 375 A.2d 1383 (1977), and *In Re: Application of Friday, supra,* were Section 1004 cases, in which definitive relief was provided to successful challengers.

All of the appellants contend that the appellees should have lost because all of the appellees knew that a new comprehensive plan for Buckingham Township was in preparation before they filed their challenges and because indeed an advertisement of a notice that the adoption of the new comprehensive plan appeared before all except one of the seven zoning challenges was filed. The appellants say that we should decide that this was sufficient notice of the pendency of curative zoning legislation. This thesis flies in the face of all cases in treating the point. In *In Re: Appeal of FPA Corporation,* 25 Pa. Commonwealth Ct. 221, 225, 360 A.2d 851, 854 (1976), we wrote:

The Comprehensive Plan was advertised for adoption prior to FPA's filing. It is axiomatic, however, that comprehensive plans do not have the effect of zoning ordinances but only recom-

mend land use which may or may not eventually be provided by a legally enforceable zoning ordinance.

In *Perlstein v. Borough of Monroeville,* 25 Pa. Commonwealth Ct. 489, 493, 361 A.2d 510, 512 (1976), we said:

> A comprehensive plan is recommendatory, not mandatory . . . and the advertisement of amendments to the comprehensive plan is insufficient as a public notice of intention to rezone. (Citations omitted.)

The zoning ordinance which it is said cured the invalidity of the regulations in existence since 1951 was not advertised until December 26, 1974, more than five months after the last of the seven challenges was filed and was not adopted until March 6, 1975.[4]

In *Appeal of Carr,* 30 Pa. Commonwealth Ct. 342, 346, 374 A.2d 735, 737 (1977), allocatur denied (Pa. Sept. 16, 1977), we said:

> They [landowners] further contend that the court should pay no regard to any amendments enacted by the governing body which were not [adopted][5] or not pending at the time the landowners' challenge was submitted pursuant to Section 1004 of the MPC. We agree with this proposition. (Footnote added.)

The challenges and requests for curative amendments in this case preceded by many months the " 'first sufficient public declaration' of an intent to amend the existing zoning ordinance."[6] They must therefore pre-

---

[4] This ordinance was declared invalid from its inception by reason of procedural irregularities in its adoption in *Large v. Buckingham Township,* 27 Bucks 319 (1975). It was then reenacted.

[5] In the text of our opinion as reported, the word which appears at this place is "corrected"; the word intended was "adopted."

[6] This phrase is from *Casey v. Zoning Hearing Board, supra,* 459 Pa. at 226, 328 A.2d at 467.

vail and the appellees must, upon their compliance with other appropriate township regulations, be issued permits to do what their plans and other materials filed proposed.

The appellants vigorously represent that we should overrule the case law in this field in the interest of the public of Buckingham Township. They say that the appellees' projects should not be imposed on the township because the supervisors and other responsible officers were engaged in a necessarily time-consuming task of planning what was required to bring the township regulations into conformity with the law. The argument is belied by the record. *Girsh Appeal, supra,* was decided, as we have noted, in 1970. Not until June 1972 did the township get around to considering a new comprehensive plan; not until April 1974 was the new comprehensive plan adopted; and finally, not until March 6, 1975 was a township zoning ordinance, which presumably conformed to the mandate of *Girsh Appeal,* adopted. It is too clear for serious argument to the contrary that there can be no justification for five years spent in curing an unconstitutional zoning ordinance. Indeed, by contrast, our researches in the record reveal an amendment to Buckingham Township's Zoning Ordinance adopted in 1970 reducing minimum lot size requirements in explicit response to the Supreme Court's holding in *Appeal of Kit-Mar Builders, Inc.,* 439 Pa. 466, 268 A.2d 765 (1970) made earlier in the same year.

The appellants' contention that the challenges should have been rejected by reason of the landowner's asserted bad faith in "racing" new township zoning regulations, is wholly without merit. *Penn Township v. Yecko Bros.,* 420 Pa. 386, 217 A.2d 171 (1965), principally relied on, is without application. There the landowner sought to establish a lawful nonconforming commercial use by going into business after the pub-

lic advertisement of a zoning amendment, that is, after the new regulation was pending. The Supreme Court further found that the record facts demonstrated a continued series of maneuvers by the landowner evidencing bad faith efforts to circumvent the "duly authorized" ordinance. Here, of course, there was no advertisement of a proposed new zoning regulation and the landowners were "racing" to avoid, if anything, the deleterious effects on their properties not of proposed controls, but of the continued lack of any controls by the township's failure to cure its invalid zoning ordinance.

Order affirmed.

ORDER

AND Now, this 25th day of January, 1978, the Order of the court below dated October 27, 1976 is affirmed.