Chester County Mall, Inc., Appellant *v.* Board of Supervisors of West Goshen Township, Appellee.

Argued April 2, 1979, before President Judge Bow-MAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*William H. Lamb,* with him *Frank J. Williams,* for appellant.

*Ronald C. Nagle,* with him *Buckley, Nagle & McGuire,* for appellee.

OPINION BY JUDGE MENCER, July 9, 1979:

Chester County Mall, Inc. (developer) has appealed from the order of the Court of Common Pleas of Chester County affirming a report of the Board of Supervisors of West Goshen Township and dismissing the developer's appeal of that report.

The developer, contending that the zoning ordinance of West Goshen Township (Township) excluded townhouse development in the entire township, submitted a curative amendment to the Board of Supervisors of the Township, proposing the adoption of a new zoning district which would expressly permit the construction of townhouses. At the same time, the developer submitted plans for the construction of 96 townhouses, in 12 clusters, on a 12.3-acre piece of land presently zoned R-3 Residential District and for the construction of 320 townhouses, in 35 clusters, on a 46-acre piece of land, of which 29 acres are presently zoned C-2 Commercial District and 17 acres are now zoned R-4 Residential District. Following four public hearings, the Board of Supervisors denied the developer's proposal and refused to adopt the proposed curative amendment to the Township zoning ordinance.

The single issue advanced by the developer on this appeal is whether the zoning ordinance of the Township imposes a township-wide exclusion of townhouses and is therefore unconstitutional.

Two established legal principles come immediately to mind when addressing the issue raised on this appeal. A zoning ordinance is presumptively valid and constitutional, and a challenger to its validity and con-

stitutionality must meet the heavy burden of proving the contrary. *Schubach v. Silver,* 461 Pa. 366, 336 A. 2d 328 (1975). A zoning ordinance which prohibits townhouses throughout the entire municipality is unconstitutional. *Camp Hill Development Co. v. Zoning Board of Adjustment,* 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974).

The parties to this litigation correctly are in accord that the word "townhouse" does not appear in the zoning ordinance in question. However, the court below concluded that Section 85-15.D(1) of the R-4 Residential District regulations permits apartment use, by special exception,[1] and that Section 84-28.I of the C-4 Special Limited Business and Apartment District regulations permits "garden-type apartments" as of right.[2] It was the determination of the court below that the word "apartment," as used in the zoning ordinance, was sufficiently inclusive to permit the type of townhouse proposed to be constructed by the developer and consequently the ordinance did not exclude townhouse development.

In a zoning case where the court below took no additional evidence, review by this Court is limited to a determination of whether the municipal authorities abused their discretion or committed an error of law or made findings not supported by substantial evidence. *Waynesborough Corp. v. Easttown Township Zoning Hearing Board,* 23 Pa. Commonwealth Ct. 137, 350 A.2d 895 (1976). Whether or not townhouse development falls within any of the categories specified in the ordinance is a question of law and subject to our review. *Berger v. Board of Supervisors,* 31 Pa. Commonwealth Ct. 386, 376 A.2d 296 (1977).

---

[1] Subject to the area and bulk regulations, not here challenged by the developer, of Section 84-16.B.

[2] Subject to the area and bulk regulations, not here challenged by the developer, of Section 84-29.

In *Lower Gwynedd Township v. Provincial Invest-ment Co.,* 39 Pa. Commonwealth Ct. 546, 395 A.2d 1055 (1979), we held that the failure to provide for townhouse development as a matter of right resulted in the ordinance being defective, notwithstanding the township's claim that townhouses were permitted in two of its districts, A-1 garden apartments and A-2 apartments, and as a matter of fact already exist-ed in the A-1 district. *See Dublin Properties v. Board of Commissioners,* 21 Pa. Commonwealth Ct. 54, 342 A.2d 821 (1975). We conclude, after a review of the record and a reading of the zoning ordinance, that *Lower Gwynedd* controls the instant case.[3]

Accordingly, order reversed and remanded.[4]

### ORDER

AND Now, this 9th day of July, 1979, the order of the Court of Common Pleas of Chester County, dated March 7, 1978, in the above captioned matter, is here-by reversed, and it is ordered that the entire matter be remanded to the court below for disposition under the provisions of Sections 1010 and 1011 of the Penn-

---

[3] The Court of Common Pleas did not have the benefit of our holding in *Lower Gwynedd Township v. Provincial Investment Co., supra,* decided January 5, 1979, when it made the order of March 7, 1978 appealed from here.

[4] Since we hold that West Goshen Township's zoning ordinance is unconstitutional, insofar as it fails to provide for townhouses, the developer must be permitted to proceed with its development, subject to such reasonable zoning regulations as the court below determines are applicable to the proposed type of development. Upon remand, the court will not further review the curative amend-ment because it is no longer a viable issue. *Ellick v. Board of Super-visors,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975). The only issue remaining is what "elements" of the developer's plans are to be approved by the court below or referred by it to the governing body for disposition, as is fully explained in *Ellick, supra,* and Sec-tion 1011 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11011.

sylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§11010, 11011, in a manner not inconsistent with the above opinion.