In Re: Appeal of M. A. Kravitz Co., Inc., From Denial of Curative Amendment Application by the Board of Supervisors of Wrightstown Township. M. A. Kravitz Co., Inc., Appellant.

Argued April 10, 1980, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Richard P. McBride, Power, Bowen & Valimont,* for appellant.

*Terry W. Clemons, Clemons & Klimpl,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, September 5, 1980:

M. A. Kravitz Company appeals a Bucks County Common Pleas Court order affirming the Wrightstown Township Board of Supervisors' denial of a curative amendment which challenged the Township's zoning ordinance on constitutional grounds for failing to provide for townhouse development. We reverse and remand.

On May 7, 1975, Kravitz submitted a curative amendment application[1] proposing that a 612 unit single-family attached (townhouse) dwelling development be authorized on its 98-acre tract in Wrights-

---

[1] The curative amendment was made under Section 1004(1)(b) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004(1)(b).

town Township, which is zoned "R-2 Residential" for single-family detached dwellings. The basis for the Kravitz challenge was the unconstitutional exclusion of townhouse construction and, alternatively, de facto exclusion by virtue of only token provision for the subject development, assuming for both arguments that the multi-family district provided by the zoning ordinance allows townhouse in addition to apartment development.[2]

Following extensive hearings, the Township's Board of Supervisors denied the curative amendment, found not only that the R-4 multi-family district permits residential townhouse development but that the ordinance contemplates adequate housing in relation to population growth, and held it not de facto exclusionary. On appeal, the Bucks County Common Pleas Court affirmed the Board's decision, concluding that there was no material difference between the inclusion of townhouses as "multiple dwellings" in *Benham v. Middletown Township Board of Super-*

---

[2] Review of the Township's Zoning Ordinance, Section 102.3, reveals the following uses under the "Dwelling" definition:

*Single-Family Attached Dwelling (Townhouse)*

A building designed for and occupied exclusively as a residence for only one family and having a party wall on at least one side (or both sides) in common with an adjacent building.

*Single-Family Detached Dwelling*

A building designed for and occupied exclusively as residence for only one family and having no party wall in common with an adjacent building.

*Single-Family Semi-Detached Dwelling*

A building designed for and occupied exclusively as a residence for only one family and having one party wall in common with an adjacent building.

*Multi-Family Dwelling*

A building designed for or occupied by three or more families.

*visors*, 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975), and the "multi-family dwellings" found in the Wrightstown Township zoning ordinance.

Confronted with a growing number of cases concerning restricted townhouse development, we have endeavored to set standards by which zoning ordinances can be evaluated for exclusionary provisions. Townhouses have clearly become an established and accepted form of residential development, recognized as little more than an embellished, individualistic form of "rowhouse," *Camp Hill Development Co. v. Zoning Board of Adjustment, Borough of Dauphin*, 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974), and zoning ordinances which prohibit them throughout the entire municipality are unconstitutional. *Ellick v. Board of Supervisors, Worcester Township*, 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975). The challenger of such an ordinance bears the heavy burden of proving either a de jure exclusion by showing that the ordinance on its face bans townhouse development, or de facto exclusion by showing that the ordinance effectively prohibits townhouse use throughout the municipality, even though the ordinance facially permits that use. *Benham v. Middletown Township Board of Supervisors, supra.* The burden then shifts to the municipality to show that the exclusion, in fact, bears "a more substantial relationship to the public health, safety, morals and general welfare of the community than an ordinance which merely confines that use to a certain area in the municipality." *Hodge v. Zoning Hearing Board of West Bradford Township*, 11 Pa. Commonwealth Ct. 311, 320, 312 A.2d 813, 818 (1973).

The de jure exclusion scenario is not unfamiliar to us. In *Ellick v. Board of Supervisors, Worcester Township, supra*, concluding that a township ordi-

nance on its face totally prohibited townhouse development, we held that not only did the ordinance fail to provide for the legitimate use in its R-150 Residential "apartment house" district, but it expressly excluded rowhouses from its related definition of multiple dwelling apartments. In *Lower Gwynedd Township v. Provincial Investment Co.,* 39 Pa. Commonwealth Ct. 546, 395 A.2d 1055 (1979), we determined that townhouses were not permitted in their A-1 Garden Apartment (garden apartments and single-family detached dwellings) and A-2 Apartment (mid-rise apartment houses) districts, and concluded that the Township's ordinance neither defined "townhouse" nor provided a zoning district for their development. *See also Chester County Mall, Inc. v. Board of Supervisors, West Goshen Township,* 44 Pa. Commonwealth Ct. 119, 402 A.2d 1160 (1979), and *Dublin Properties v. Upper Dublin Township,* 21 Pa. Commonwealth Ct. 54, 342 A.2d 821 (1975); *see also Board of Supervisors of Buckingham Township v. Barness,* 33 Pa. Commonwealth Ct. 364, 382 A.2d 140 (1978), and *Appeal of Robert P. Olson,* 19 Pa. Commonwealth Ct. 514, 338 A.2d 748 (1975).

In this case, we are confronted with the more uncommon de jure exclusion situation. The Township's ordinance here specifically provides for "Single-Family Attached Dwellings (Townhouse)" as designed for one-family use, having a party wall on at least one side or both sides in common with an adjacent building. However, only one district within the Township would seem to provide for more than single-family detached residential uses. The "R-4 Residential District" permits multi-family dwellings which constitute single operating or proprietary units. What then is a multi-family dwelling? The ordinance instructs us that it is a "building designed

for or occupied by three or more families." Further, the definition of "apartment" specifically refers to this multi-family dwelling category, while "garden apartments" call for "a group of multi-family dwellings, up to three stories in height designed for rental or condominium ownership of the individual housekeeping units and having common open spaces."

The question is thus whether the R-4 multi-family district contemplates single-family attached townhouse developments specified by the zoning ordinance. We answer in the negative. The draftsmen of the ordinance had the foresight to provide for single-family attached dwellings by specifically referring to townhouse development, and multi-family dwellings, defining them as apartments and garden apartments. However, the R-4 district, in allowing only multi-family dwelling development, cannot be reasonably construed to incorporate the separate and distinctly provided for single-family attached townhouse use. This factor in itself distinguishes our case from *Benham v. Middletown Township Board of Supervisors, supra,* relied upon by the lower court. In *Benham,* this Court rejected an unconstitutional exclusion argument by finding that townhouse development was allowed in both the Planned Residential Development and Multiple Dwelling districts provided by the zoning ordinance. The "multiple dwelling" districts, zoned Apt-1 Apartment, R4-A Residence, and B Business, allowed buildings "designed for and occupied exclusively as a residence for two or more families living independently of one another." In *Kratz v. Skippack Township,* 19 Pa. Commonwealth Ct. 355, 358 n. 2, 339 A.2d 595, 596 n. 2 (1975), we noted the confusion caused by the use of imprecise terms, and emphasized the necessary distinction between town-

houses and multi-family dwellings. We find no imprecision in the Township's specific allowance for residential townhouse use, and can only conclude that the ordinance fails to provide a home for its legitimate and necessary development. Our review also reveals the Township's inability to adequately and necessarily relate the planning failure to the public's health, safety and welfare. To hold otherwise would be akin to providing a cause of action without a remedy, thus allowing a township to short circuit townhouse or other development by way of an unwarranted exclusion.

Since we conclude that the Township's ordinance unconstitutionally fails to provide for townhouse development,[3] the Kravitz plans and specifications, submitted with the no longer viable curative amendment, must be approved, subject to such reasonable zoning regulations and restrictions as the court below on remand determines are applicable to the proposed townhouse use.[4]

Accordingly, we

ORDER

AND Now, September 5, 1980, the Bucks County Common Pleas Court order, dated May 19, 1978, is reversed, and the entire matter is remanded to the court

---

[3] We therefore find it unnecessary to deal with Kravitz's alternative argument that the ordinance exhibits an unconstitutional exclusion by virtue of the token provision, 0.61 percent of the Township's land area, made for any form of multi-family and townhouse dwelling within the Township.

[4] See MPC Sections 1010 and 1011, 53 P.S. §§11010 and 11011, and their interpretation in *Ellick v. Board of Supervisors, Worcester Township*, 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975), and application in *Chester County Mall, Inc. v. Board of Supervisors, West Goshen Township*, 44 Pa. Commonwealth Ct 119, 122 n. 4, 402 A.2d 1160, 1162 n. 4 (1979), and *Appeal of Robert P. Olson*, 19 Pa. Commonwealth Ct. 514, 521-22, 338 A.2d 748, 751-52 (1975).

below for complete disposition in accordance with Sections 1010 and 1011 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* §§11010-11011, but not inconsistent with this opinion.