CSS Corporation *v.* Zoning Hearing Board of Willistown Township et al., Township of Willistown, Appellant.

Argued November 16, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Robert J. Shenkin, MacElree, Harvey, Gallagher, O'Donnell & Featerman, Ltd.,* for petitioner.

*Ronald M. Agulnick,* with him *Sondra K. Slade, Pitt, Agulnick, Supplee, Johnson and Slade,* for respondents.

*Phillip D. Weiss,* with him *Thomas J. Speers, McTighe, Weiss & Stewart,* for intervening respondents, Rose and Soski Piroeff.

OPINION BY JUDGE WILLIAMS, JR., January 27, 1982:

In this zoning appeal, appellant Willistown Township seeks reversal of an order of the Court of Common Pleas of Chester County directing the issuance of a building permit to the appellee landowner, CSS Corporation (CSS).

In 1979 CSS applied for a building permit to construct a single family dwelling on Lot No. 1 of the "Old Covered Bridge Estates" in Willistown Township. The Township Zoning Officer denied the application on the grounds that the proposed dwelling would be located within one hundred (100) feet of the high water mark of a stream which bisects the lot and in an

area known to be subject to flooding, in violation of Section 1413 of the Willistown Township Zoning Ordinance. This section provides:

> Where a lot abuts a stream, lake or similar body of water, no dwelling or appurtenance thereto shall be constructed within one hundred (100) feet of the high water mark of such body of water; and no dwelling or other building or structure shall be constructed in an area known to be subject to flooding.[1]

CSS appealed to the Township Zoning Hearing Board (Board) seeking a variance or special exception and challenging the substantive validity of the ordinance. The Board conducted extensive hearings, and thereafter rendered a decision denying the request for a variance or a special exception and dismissing the appeal.

Because the term "high water mark" is not defined in the Township Zoning Ordinance, the Board turned to testimony concerning accepted usage among civil engineers for guidance as to its meaning. In reliance upon such testimony, the Board found that the one hundred year flood plain[2] is the generally accepted standard in Chester County for determining the "high water mark" of a body of water. Since the proposed dwelling location is, at its nearest point, between fourteen (14) and twenty-three (23) feet from the limits of the stream's one hundred year flood plain, the Board concluded that the proposed building site was

---

[1] The stream in question bisects rather than "abuts" the property. We agree, however, with the conclusion of the court below that Section 1413 was intended to regulate the construction of dwellings within the prescribed distance irrespective of the location of the stream's contact with the lot.

[2] The one hundred year flood plain is the measure of the high water mark of a body of water during a rainfall of 7.2 inches in a twenty-four (24) hour period.

in violation of the set-back requirement of Section 1413.

CSS appealed to the Court of Common Pleas of Chester County from the decision of the Township Zoning Hearing Board. Without taking additional evidence,[3] the court reversed the Board's decision and directed the issuance of a building permit to CSS by order and opinion dated November 17, 1980. Willistown Township has appealed to this Court.

The court below held that the Board, in defining the term "high water mark" as synonymous with the one hundred year flood plain, had committed an error of law. In addition, the court concluded that there was no evidence to support the Board's finding that the proposed construction site was located in "an area known to be subject to flooding." In view of its disposition of the matter on these grounds, the court did not address the issue of the constitutional validity of Section 1413.

Subsequent to the filing of the instant appeal, however, we found Section 1413 of the Willistown Township Zoning Ordinance to be an unconstitutional exercise of the municipality's zoning power in *Zoning Hearing Board of Willistown Township v. Lenox Homes, Inc.,* 64 Pa. Commonwealth Ct. 74, 439 A.2d 218 (1982). There, we concluded that this regulation is arbitrary and unreasonable, bearing no relationship to the goals of flood prevention and protection against siltation of streams and other bodies of water.

---

[3] When the court below does not take additional evidence, its scope of review is confined to a determination of whether the Board committed an abuse of discretion or error of law. *Waber v. Zoning Board of Adjustment,* 41 Pa. Commonwealth Ct. 565, 400 A.2d 893 (1979). Likewise, our scope of review is limited to such a determination when no additional evidence is taken by the lower court. *Chester County Mall, Inc. v. Board of Supervisors of West Goshen Township,* 44 Pa. Commonwealth Ct. 119, 402 A.2d 1160 (1979).

Although we disagree with the conclusions reached by the lower court, we are compelled to hold, in light of our decision in *Lenox Homes,* that CSS Corporation is entitled to the issuance of a building permit. Accordingly, the decision of the court below is affirmed.

ORDER

AND Now, the 27th day of January, 1982, the order of the Court of Common Pleas of Chester County dated November 17, 1980, is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.