608 A.2d 652

**Joseph HUDACHEK and Diane S. Hudachek, Appellants,**

**v.**

**ZONING HEARING BOARD OF NEWTOWN BOROUGH and Newtown Borough, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1992.

Decided April 29, 1992.

John W. Donaghy, for appellants.

Stephen L. Needles, for appellees.

Before CRAIG, President Judge, DOYLE, J.(P.) and LORD, Senior Judge.

LORD, Senior Judge.

Joseph and Diane Hudachek appeal a Bucks County Court of Common Pleas order denying their appeal and upholding the Borough of Newtown Zoning Hearing Board (Board) decision which sustained a cease and desist order issued to the Hudacheks, dismissed the Hudecheks' constitutional challenge to the zoning ordinance and denied their request for a variance.

The Hudacheks own a single-family dwelling in Newtown Borough. Diane Hudachek is an attorney and her husband, Joseph Hudachek, was chairman of the Newtown Borough Planning Commission during the course of this appeal. Their residence is located in an area zoned VR–2 Village Residential/Medium Density as set forth in the Joint Municipal Zoning Ordinance (JMZO). The members of the JMZO are Newtown Borough, Newtown Township, Upper Makefield Township and Wrightstown Township. The JMZO was adopted in 1983 pursuant to Sections 11101–A–11108–A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 11101–A–11108–A, repealed by the Act of December 21, 1988, P.L. 1329.

In June of 1988, the Hudacheks applied for a building permit to increase the size of their house. The plans submitted depicted a basement area which was to remain unfinished. In March of 1990, when the construction was substantially completed, the Hudacheks decided to convert the new basement area into an office for Diane Hudachek's law practice. She began using the basement as a law office on March 25, 1990.

The Newtown Borough building inspector was conducting a final inspection of the property as a prerequisite to the issuance of a certificate of occupancy when he discovered the premises was being used as Diane Hudachek's law office. A home occupation such as a law office is not permitted in a district zoned VR–2 in Newtown Borough.[1] Subsequently, the borough zoning officer issued a cease and desist order on July 16, 1990.

The Hudacheks then filed an appeal to the Board on August 14, 1990, alleging that the action of the zoning officer was in error, that the ordinance was unconstitutional and including in their appeal a request for a use variance. The Board sustained the cease and desist order, dismissed the validity challenge to the constitutionality of the ordinance and denied the Hudacheks' request for a use variance. Thereafter, the Hudacheks appealed to the Common Pleas Court of Bucks County, which upheld the Board's decision.[2]

The Hudacheks' principal argument is that the exclusion of all home occupations in Newtown Borough is uncon-

---

**1.** Home occupations are allowed in districts zoned CM, CR–1, CR–2, R–1, R–2 and OR, all of which are amply located throughout the municipalities belonging to the JMZO.

**2.** Where the trial court takes no additional evidence, the scope of our review is limited to determining whether the board committed a manifest abuse of discretion or an error of law in not granting the variance. We may conclude that the board abused its discretion only if its findings are not supported by substantial evidence. By "substantial evidence" we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Danwell Corporation v. Zoning Hearing Board of Plymouth Township,* 115 Pa.Commonwealth Ct. 174, 540 A.2d 588 (1988).

stitutional. They admit that the JMZO permits home occupation in other areas encompassed by the JMZO but contend that we should focus our attention only on Newtown Borough and conclude that the exclusion there is unconstitutional.

Newtown Borough is a municipality participating in a joint municipal zoning ordinance (JMZO) and the Hudacheks challenge the validity of that JMZO on the ground that it completely excludes home occupations in one constituent municipality. This is a case of first impression. We therefore must turn our attention to the legislative history of joint municipal planning and zoning for our answer.

The first legislation which dealt with joint action was the Municipalities Planning Code (MPC) of 1968, which provided for joint municipal planning.[3] However, it did not provide for joint municipal zoning. Thereafter, in *Nicholas, Heim & Kissinger v. Harris Township,* 31 Pa.Commonwealth Ct. 357, 375 A.2d 1383 (1977) Judge Rogers cogently suggested that:

> [I]t might be a very good thing for the General Assembly to empower municipalities to enter binding regional zoning arrangements. Some municipalities, by reason of size, present land use and physical conditions, are no doubt inappropriate places for every kind of residential use. If the regional zoning ordinance should provide the regions "fair share" of housing needs, each constituent municipality could then be developed in accordance with best planning principles applied purely, and not with an eye to what might pass constitutional muster.

In *Nicholas,* the township was a member of a regional planning effort and contended that the township's membership, together with an approved regional comprehensive plan entitled the township to credit for areas zoned by the other members of the regional comprehensive plan that allowed mobile home parks. This court rejected this argument because comprehensive plans were recommendatory

---

3. Sections 1101–1107 of the Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 11101–11107.

and not regulatory. *Saenger v. Berks County,* 9 Pa.Commonwealth Ct. 499, 308 A.2d 175 (1973). Moreover, this court held in *Nicholas* that the area provided for in the township zoning ordinance for mobile park homes amounted to a token and was, therefore, exclusionary. It was in this light that Judge Rogers suggested that the General Assembly empower municipalities to enter into binding regional zoning.

This suggestion was apparently recognized by the General Assembly, for in 1978 the MPC was amended to allow municipalities to enact a joint municipal zoning ordinance.[4]

The JMZO here in question was enacted pursuant to the amendment of the MPC in 1978 establishing joint municipal zoning. Obviously, one of the prime purposes of the statute which made possible the creation of binding joint municipal zoning was to prevent the very mischief created in the *Nicholas* case. The Hudacheks would have us, however, isolate Newtown Borough and not look at the entire area zoned by the JMZO. In other words, the Hudacheks would have this Court decide this case as we did *Nicholas,* notwithstanding the fact that the 1978 amendment to the MPC providing for joint municipal zoning was enacted after *Nicholas,* and before the present case. This we will not do in view of the obvious purpose of the amendment to the MPC establishing joint municipal zoning.

In addition, the Hudacheks argue that because the 1978 amendments to the MPC did not contain a provision that prescribed the area of jurisdiction for challenges to the JMZO, as does the current, 1988 enacted amendment, this Court should reach a contrary conclusion. Section 811–A of the MPC, 53 P.S. § 10811–A, enacted in the 1988 amendments, provides:

> In any challenge to the validity of the joint municipal zoning ordinances, the court shall consider the validity of

---

**4.** Sections 11101–A–11108–A of the MPC, Act of July 31, 1968 P.L. 805, *as amended,* added by Section 7 of the Act of October 5, 1978, P.L. 1067, repealed by the Act of December 21, 1988, P.L. 1329. A similar provision is now found in 53 P.S. §§ 10801–A–10821–A.

the ordinance as it applies to the entire area of its jurisdiction as enacted and shall not limit consideration to any single constituent municipality.

The Hudacheks' argue that this section is not applicable to this case, because it was not in existence at the time the subject JMZO was enacted. However, Section 811–A *was* in existence at the inception of this litigation. The absence of a similar provision in the MPC as enacted at the time Newtown Borough adopted its JMZO, prescribing the area of jurisdiction for challenges, does not constrain this Court to reach a conclusion contrary to the obvious purpose of the 1978 amendments. The Hudacheks also contend that Section 811–A does not pertain and we *cannot* consider the entire JMZO jurisdiction because the Borough of Newtown has not brought itself into compliance with the 1988 amendment by virtue of enacting a new or revised JMZO.[5]

■ We see no reason to decide this case on that ground. The history that we have outlined above convinces us that a reference to the present codification is not necessary to our disposition. Nonetheless, nothing in Section 811–A requires us to conduct only prospective reviews of after enacted JMZO's. The statutory provision instructs reviewing courts to examine JMZO's as they apply to their entire jurisdictions, without reference to the time of their enactment. Therefore, this argument is rejected.

■ Next, the Hudacheks contend they are entitled to the grant of a variance by estoppel and that they have a vested right in their home occupation use. The basis of their arguments is that the Borough Solicitor informed the Hudacheks that a home occupation was a permitted use. They also contend the case should be remanded because the board did not make a finding of fact concerning an alleged

5. Section 10821–A, 53 P.S. § 10821–A, provides that municipalities which established joint bodies under the former article shall have five years to comply with the 1988 amendatory act. The Hudacheks make no assertion that the Newtown Borough JMZO is *not* in compliance with the 1988 act and we are unconvinced that only passage of a new JMZO will trigger the applicability of Section 811–A.

conversation between Diane Hudachek and the Borough Solicitor.

In *Caporali v. Ward,* 89 Pa.Commonwealth Ct. 621, 493 A.2d 791 (1985), we established three prerequisites to receiving the benefit of an estoppel: (1) municipal failure to enforce the law over a long period of time or some form of "active" acquiescence of the illegal use; (2) good faith throughout the proceedings by the property owner; and (3) innocent reliance evidenced by substantial expenditures.

The Hudacheks failed to establish the first prerequisite in order for the estoppel argument to attach. Diane Hudachek began practicing law in her home during March of 1990. The Zoning Officer issued a cease and desist order on July 16, 1990. This hardly amounts to a failure by the municipality to enforce the law over a long period of time.

Furthermore, landowners are duty bound to check the zoning status of their property. *Camaron Apartments, Inc. v. Zoning Board of Adjustment,* 14 Pa.Commonwealth Ct. 571, 324 A.2d 805 (1975). Also, the record reveals that Joseph Hudachek acknowledged, in the proceeding before the board, that he knew a home occupation was a prohibited use in a district zoned VR–2, Village Residential/Medium Density (Notes of Testimony, 10/29/90, p. 17). Therefore, we reject the argument that the Hudacheks are entitled to a variance by estoppel.

As to whether the case should be remanded the following conclusion of law made by the board is relevant to that question:

6. The Appellants are not entitled to a variance by estoppel based upon alleged assertions made by the Borough Solicitor as to the permissibility of a home office. The Zoning Hearing Board believes that Mr. Hudachek as Chairman of the Newtown Borough Planning Commission must have been able to determine for himself whether a home occupation was permitted within the zoning district in which he resided. According to his testimony, great reliance was placed upon the notion that the zoning

ordinance was going to be amended to permit home occupations. On the other hand, Mrs. Hudachek seemed to rely heavily upon the assertions that she said were made by the Borough Solicitor. As an attorney, she too had ample opportunity to open the zoning ordinance to determine whether a home occupation was permitted in her zoning district. She did not appear to rely as heavily upon the idea that the zoning ordinance was going to be amended.

(Decision of Newtown Borough Zoning Hearing Board, Conclusion of Law No. 6, 12/6/90).

It is obvious that the Board rejected the argument that the Hudacheks' could rely on statements made by the Borough Solicitor concerning the permissibility of a home occupation—and rightly so. There is nothing to be gained by remanding this case to the board for a finding as to whether the alleged conversation actually occurred. As stated previously in *Camaron Apartments,* it is the landowner's duty to determine the zoning status of the property, and in this case the record revealed that Joseph Hudachek was well aware of the zoning status of his property.

The doctrine of vested right to use property contrary to the provisions of a zoning code, without a variance, applies when the owner in good faith reliance upon a permit issued in error, incurs significant non-recoverable costs. *City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh,* 522 Pa. 44, 559 A.2d 896 (1989). A permit was never issued in the present case for a home occupation. Therefore, this argument is rejected.

█ The Hudacheks also maintain that they were held to a higher standard than other citizens of Newtown Borough due to their professions. This argument is without merit because the record reveals that, notwithstanding the Hudacheks' professions, the board concluded there was insufficient evidence to warrant a variance by estoppel.[6]

6. Hearing before Borough Zoning Hearing Board, 11/15/90, p. 5.

The next argument by the Hudacheks is that the chairman of the Board, Jerome Redington, should have disqualified himself from the matter because his wife testified in opposition to the application. The Hudacheks raise this issue for the first time on appeal to this court. The doctrine of waiver is well settled, a new and different theory of relief may not be successfully advanced on appeal. *813 Associates v. Zoning Hearing Board of Springfield Township*, 84 Pa.Commonwealth Ct. 420, 479 A.2d 677 (1984). Therefore, this argument has been waived.

Finally, we note that Newtown Borough, apparently in an effort to "cover all bases," contends this Court cannot decide in favor of the Hudacheks since they never paid a $10,000.00 non-refundable fee, as required by ordinance, to contest the constitutionality of the JMZO. Wisely, the borough permitted this litigation to proceed without enforcing the fee. We seriously question whether the borough could justify such a fee. Of course, we do not decide this question since it is not necessary to the resolution of this case.

Accordingly, we affirm the decision of the Bucks County Court of Common Pleas.

## ORDER

AND NOW, this 29th day of April, 1992 the order of the Court of Common Pleas of Bucks County at No. 91–0030–14–5 Civil Action dated June 5, 1991 is hereby affirmed.