## Stoltzfoos v. Bart Township
## Zoning Hearing Board

C.P. of Lancaster County, no. CI-2005-05746.

*Stephen Zook Stolzfoos,* pro se.
*Melvin E. Newcomer,* for Bart Township Zoning Hearing Board.

PEREZOUS, *J.,* March 1, 2006—Presently before the court is appellant Stephen Zook Stoltzfoos' appeal from the decision of the Bart Township Zoning Hearing Board. The board denied appellant's request for a special exception to operate a kennel on his property, along with variances seeking to reduce the minimum lot size and minimum setback requirements. For the following reasons, this court affirms the decision of the board and dismisses the appeal.

Appellant owns a tract of land containing approximately 3.03 acres located at 881 Mount Pleasant Road in Quarryville, Pennsylvania. This property is located in the Agricultural (A) Zoning District in the Township. On or about March 28, 2005, appellant filed a zoning application with the township seeking a special exception to operate a kennel on his property. Under the Township's Zoning Ordinance, a kennel is an intensive agricultural production facility, subject to section 718.4 of the ordinance, and is a permitted special exception use under section 500.6. In addition to the special exception request, appellant sought to obtain variances from section 500.8.C.b of the ordinance to reduce the required minimum lot size of 10 acres for a kennel to 3.03 acres, and from section 718.4 to reduce the required setbacks.

A public hearing was held on the matter on June 2, 2005. Appellant acknowledged that kennel operations began in July of 2003. The location of the building in which the kennel is located was also discussed. It is approximately 135 feet from the western boundary of the property line; 200 feet from the eastern boundary; 150 feet from the southern boundary; and 100 feet from the northern boundary. Appellant also indicated that he wanted the kennel so that he could work with the family.

At the conclusion of the hearing, the board denied the requests for a special exception and variances.

Upon notification of the board's decision, appellant filed a timely appeal. Nevertheless, he neither certified that a transcript of the hearing had been ordered nor provided a copy of the transcript to the board. Consequently, the board filed a certification of record on August 31, 2005, indicating that it had not received the transcript. Subsequently, appellant filed a petition for a hearing, which was dismissed by an order entered on September 15, 2005. The order also provided that the case was to proceed pursuant to Local Rule No. 27.

On November 29, 2005, the board filed a petition seeking to dismiss the appeal. The board asserted that it was entitled to dismissal of the action pursuant to Local Rule No. 27.A.3 based upon appellant's failure to provide a copy of the transcript, and Local Rule No. 27.D.4 based upon appellant's failure to file a brief within the 40-day period mandated by the rule. After this petition was filed, appellant filed a brief on December 15, 2005, and filed a certification of transcript and the transcript itself on January 13, 2006. The board filed its brief in opposition to the appeal on or about February 17, 2006.

Without discussing whether appellant's failure to comply with the local rules supports dismissal of the appeal, this court finds that dismissal of the appeal is proper because the board neither abused its discretion nor committed an error of law in denying his zoning application. Since this court has not taken additional evidence in this zoning appeal, our scope of review of the board's decision is limited to whether it abused its discretion or committed an error of law. *Rapaport v. Zoning Hearing Board of the City of Allentown,* 687 A.2d 29, 31 n.3 (Pa.

Commw. 1996). "A zoning hearing board abuses its discretion only if its findings are not supported by substantial evidence." *Appeal of Neill,* 160 Pa. Commw. 169, 174 n.3, 634 A.2d 749, 751 n.3 (1993). Substantial evidence has been defined as "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Hudachek v. Zoning Hearing Board of Newtown Borough,* 147 Pa. Commw. 566, 570 n.2, 608 A.2d 652, 654 n.2 (1992). If the record demonstrates substantial evidence, a court is bound by the board's findings and may not substitute its judgment for that of the board. *Zoning Hearing Board of Sadsbury Township v. Board of Supervisors of Sadsbury Township,* 804 A.2d 1274, 1278 (Pa. Commw. 2002).

First, special exceptions must be granted or denied in accordance with the express standards and criteria set forth in the ordinance. See 53 P.S. §10912.1. As courts have stated, "*[t]he rules that determine the grant or refusal of the exception are enumerated in the ordinance.*" *E.g., Broussard v. Zoning Board of Adjustment of the City of Pittsburgh,* 831 A.2d 764, 769 (Pa. Commw. 2003). Under the Township's ordinance, a kennel is a permitted special exception. Bart Township Zoning Ordinance §500.6.J. Here, however, appellant fails to satisfy express standards set forth in the ordinance. In order to operate a kennel, a minimum lot area of 10 acres is required. Bart Township Zoning Ordinance §500.8.C.b. *Appellant fails to meet this requirement because the size of his lot is 3.03 acres. He also fails to satisfy the minimum setback requirements. The facility must be set back at least 150 feet from any street right-of-way line, or 300 feet from any property line. Bart Township Zoning Ordinance §718.4.A. Based upon appellant's testimony, his*

*kennel operation fails to meet these setback requirements. Consequently, appellant is not in compliance with the standards enumerated in the ordinance, and the board did not err in denying his request for a special exception.*

Finally, in order to sustain the grant of a variance, the party seeking the variance must prove that unnecessary hardship will result if the variance is denied and that the proposed use will not be contrary to the public interest. *Valley View Civic Association v. Zoning Hearing Board of Adjustment,* 501 Pa. 550, 555-56, 462 A.2d 637, 640 (1983). The reasons for granting a variance, moreover, must be "substantial, serious and compelling." *Id.* Here, appellant offered no justification for the requested variances. He merely stated that he wished to operate the kennel so that he could work with his family. This reason does not justify the requested variances. Also, appellant used his property in conformance with the zoning requirements prior to beginning his kennel operation in 2003. As the board points out, it is difficult to imagine how appellant is now entitled to use his property in a way that conflicts with the ordinance when he previously used it in a conforming fashion. As such, the board did not err in denying appellant's variance requests.

Accordingly, the court enters the following:

## ORDER

And now, March 1, 2006, upon consideration of the appeal filed by Stephen Zook Stoltzfoos, together with the briefs and supporting papers filed by the parties, it is hereby ordered the decision of the Bart Township Zoning Hearing Board is affirmed, and the appeal is dismissed.